## WALES & SON *v.* THE CITY OF MUSCATINE, Garnishee.

A municipal corporation may be summoned as garnishee, under the statute of Iowa, and the indebtedness of such corporation to the party defendant, held to respond to the judgment of the plaintiff.

Where a party is garnished as a debtor of the original defendant, and answers, confessing an indebtedness, the original defendant may make any objection to judgment being rendered against the garnishee, which goes to show that the indebtedness is exempt from execution or attachment, or that the judgment is satisfied, or any other defence of a like nature; but he cannot interpose the objection to a judgment against the garnishee, that the garnishee is not liable to the process of garnishment.

The objection that a party garnished, is exempt from the process of garnishment, is a privilege which the garnishee *alone* can assert.

Where the plaintiffs issued execution on a judgment in their favor against B. and the sheriff summoned'as garnishees, P., mayor, and J., recorder of the city of M., who, at the ensuing term of the District Court, appeared and answered the interrogatories propounded, from which it appeared, that the city of M. was indebted to B. in a sum certain, for work done on the steamboat landing; and where the plaintiffs moved for judgment against the city of M. for the sum shown to be due B., which motion was objected to by B. and overruled by the court, for the reason that a municipal corporation could not be held as garnishee; *Held*, 1. That B. had no right to make any such objection to the rendition of judgment against the garnishee; 2. That the court erred in overruling the motion for judgment against the city of M.

*Appeal from the Muscatine District Court.*

THE plaintiffs issued execution on a judgment in the Muscatine District Court in their favor, against Joseph Bennett, for $2,848.40; and the sheriff notified and summoned as garnishees, John A. Parvin, mayor, and D. P. Johnson, recorder, of the city of Muscatine. At the ensuing term of the District Court, the persons summoned as garnishees, ap-

peared and answered the interrogatories propounded to them; and from their answers it appeared, that the city of Muscatine was indebted to the defendant, Bennett, in the sum of five hundred and forty-seven dollars and twenty-six cents, ($547.26,) for work done on the steamboat landing. Plaintiffs thereupon moved the court for judgment against the city, for the amount appearing by the answers to be due from the city to the defendant, Bennett. The motion was overruled by the court, and the garnishees discharged, to which ruling of the court the plaintiffs excepted, and now appeal to this court.

*David C. Cloud*, for the appellants, cited the following authorities: Code, 266; *Cohen* v. *Perpetual Insurance Co.*, 9 Missouri, 421; *Home M. Ins. Co.* v. *Gamble*, 14 Ib. 407; *Hawthorn* v. *City of St. Louis*, 11 Ib. 59.

*George D. Woodin*, for the appellee, relied upon *Hawthorn* v. *City of St. Louis*, 11 Missouri, 59; *Union Turnpike Road Co.* v. *Jenkins*, 2 Mass. 37; *Wood* v. *Hartford Co.*, 12 Conn. 404; *Stillman* v. *Isham*, 11 Ib. 124; Drake on Attachment, 497.

STOCKTON, J.—When the case came up for decision in the District Court, on the answer of the garnishees, the defendant, Bennett, appeared by his attorney, and objected to any judgment against the city; and the District Court decided, as appears by the bill of exceptions, "that a municipal corporation could not be held as garnishee, and that no judgment could be rendered against the city in this cause." It is the defendant, Bennett, who interposes the objection that the city cannot be held as garnishee. The city of Muscatine is not understood as making any opposition, to whatever judgment the court might pronounce, but was ready to pay the money due by it to Bennett, as the court should direct. We first inquire, whether Bennett had any right to make any such question to the court. He certainly had the right, to make any objection to the judgment against the

garnishee, which would have gone to show that the indebtedness sought to be subjected, was exempt from execution or attachment, under section 1901 of the Code, as being due to him for his personal services. So, he might have shown that plaintiffs were entitled to no judgment against the garnishee, by reason of the satisfaction of the principal judgment, or any other defence of a like nature. But the exemption claimed for the city in this instance, was a privilege which the party garnished, alone could assert; it could not be set up for it, by another. The defendant in the execution is not entitled to interpose the objection, in the name of the city.

But the objection, whether made by the defendant Bennett, or by the party summoned as garnishee, we think is not a valid one. The question is whether a municipal corporation may be summoned as garnishee, under the statute of Iowa, and whether the indebtedness of the city of Muscatine to defendant, can be held to respond to plaintiff's judgment. In Drake on Attachment, sec. 497, it is held, that municipal corporations cannot be charged as garnishees, "the same principle being considered as applicable to them as to persons holding effects of defendants in legal capacities." We are cited in support of this doctrine, to the case of *Hawthorn* v. *The City of St. Louis*, 11 Mo. 59, where it was held, that a public municipal corporation is not like a private corporation, liable to be garnished in Missouri, for a sum due to an officer of the corporation as a part of his salary. It has been the policy of some states to exempt the salaries of public officers from execution or attachment, as it is in our own, to protect from such process the earnings of the debtor for his personal services and those of his family. Code, § 1901. So in Arkansas, it has been decided that the state cannot be garnished for the salary of a public officer. *McMekin* v. *The State*, 4 English, 553.

It was held, in *Bradley* v. *Town of Richmond*, 6 Vermont, 121, that an action cannot be maintained against a town, as the trustee or garnishee of an absconding or absent debtor. This decision is placed by the court on the ground

of the statute of Vermont, which they say implies personal privileges and duties incident only to individuals, and inapplicable to aggregate corporations. The case of *The Union Turnpike Road* v. *Jenkins*, 2 Mass. 37, was under the statute of Massachusetts. The question was whether the property attached in the hands of the New England Marine Insurance Company, could be held to respond to the plaintiff's judgment, or in other words, whether a corporation aggregate could be summoned as trustee, (or garnishee,) under the statute. The court held, that as the garnishee's liability was, to be ascertained in all cases by his examination upon oath, one who is incapable of disclosing in such manner, cannot be held as trustee. In *Neuer* v. *O'Fallon*, 18 Mo. 277, it was held, that in a suit against a creditor of a corporation, its treasurer, having its money in his hands, is not liable to garnishment. The corporation had directed its treasurer to pay a specific sum out of its funds, in his hands, to the defendant, in attachment, as a gratuity for the benefit of third parties. In which case it was held, that neither the corporation, nor its treasurer, were liable to the process of garnishment. Locke on Foreign Attachments, 47, says: "Goods and debts, funds and dividends, cannot be attached in the hands of the Bank of England or the East India Company." On the other hand, it has been held in Pennsylvania, in the case of *Cramand* v. *The Bank of the United States*, 1 Binney, 64, and *Jackson* v. *Bank of United States*, 10 Penn. 61, that the bank was liable to the process of garnishment, and that the funds in its hands might be subjected to the payment of the plaintiff's claim.

We have endeavored to give all the authorities that have come under our observation, in which it has been held that corporations of any kind are not liable to be summoned as garnishees. The reasons given for the exemption claimed, are as numerous and various as the cases themselves, and no two of them agree in assigning the same reason. The distinction claimed to exist between private corporations and municipal corporations in respect to their liability as garnishees, as held in *Hawthorn* v. *St. Louis*, does not seem to

us to be founded in reason. The argument to show why one should be exempt, applies with equal force to the other. That public municipal corporations should not be compelled to stand at the bar, and participate in controversies between debtor and creditor, is a view of the subject that we confess has not struck us very forcibly. In the cases cited from 2 Mass. 37, and 6 Vermont, 121, the reasons assigned for the exemption, that a civil political corporation cannot appear in court, and can neither answer under oath nor testify by proxy or agent, do not apply to those courts, nor in those states, in which the corporation may appear by attorney, or in which its answer may be taken and verified in the same manner as an answer in chancery. Much confusion of ideas may be avoided by bearing in mind that the corporation, as garnishee, is summoned to answer as a party, and not to testify as a witness. In Massachusetts and Vermont, the position of the garnishee has been likened to that of a witness, and it was held, that as an aggregate corporation was incapable of disclosing on oath, property in its possession could not be garnished. Cushing's Trustee Process, § 111, 312. Nor do we think that any difficulty connected with the question, is solved by holding that the right of a corporation to exemption from the process of garnishment, rests on the same principle as that of persons who are adjudged exempt as holding the property of the defendants in legal capacities. Drake on Attachment, 361, § 497. The force of the reasoning when applied to judicial and executive officers, or persons holding a fiduciary relation to the defendant, we can readily understand and appreciate. But we see no good or sufficient reason why a municipal corporation, that can contract a debt for the construction of a public landing for steamboats, should not be held liable to be summoned as garnishee, nor why such an indebtedness should not be held to respond to the plaintiff's judgment against the defendant. It did not arise out of any fiduciary relation between the city and Bennett, nor was it assumed by the city in any judicial or executive capacity. We are to presume that the city contracted for the work at the steamboat

landing, as any private person might have contracted, and its liability to pay for it, is in no sense different from the ordinary indebtedness of an individual. Except where the exemption is specially provided for by statute, or may be adjudged to depend upon the very reason and nature of things, it is safe to hold that a garnishment will lie to subject those demands for which the defendant in attachment may maintain *indebitatus assumpsit. Cook* v. *Walthall,* 20 Ala. 334. The force and authority of the different decisions on the right to summon a municipal corporation as garnishee, have been very much weakened by their want of uniformity. This want of uniformity is the result of the great dissimilarity of the statutory enactments under which they have been made. The courts must follow the rule laid down by the law-making power.

When we refer to our own statute in relation to attachments and garnishment, (Code, § 1846,) we think we find sufficient authority for holding that a corporation is liable, as any other debtor, to the process. The plaintiff may cause any property of the defendant, which is not exempt from execution, to be attached at the commencement or during the progress of the proceedings. " The attachment by garnishment is effected by informing the supposed debtor or person holding the property, that he is attached as garnishee, &c." §§ 1861–1863. Though corporations are not expressly named as liable to the process, they may fairly be adjudged to be included, both by the reason of the law and by those rules of construction in such cases deemed legitimate, and in our state expressly provided by statute. The Code in relation to the construction of statutes, enacts (§ 6), "The word ' person ' may be extended to bodies politic and corporate." When the word " person " is used in a statute, corporations as well as individuals are included. *Bushel* v. *Commonwealth Ins. Co.,* 13 S. & R. 173. So in *S. C. Railroad Company* v. *McDonald,* 5 Georgia, 531, it is held, that "corporations are embraced within the provisions of the act, (giving a remedy at law by attachment against a foreign corporation), because the terms used in the act which describe the

persons made subject to its operation, are descriptive of corporations. Those words are "person," "party," "defendant," "debtor." Either of these words describes a corporation. It is a person under the law—an artificial person created by the legislature. Where the law-making power uses the word "person," it is to be presumed that the legal meaning is intended, and not the social or ordinary meaning. The word is descriptive of all who are in professional parlance, "persons." There is one rule of statutory construction recognized in England, and in the Supreme Court of the United States, which is conclusive of this question. Corporations are to be considered as persons, when the circumstances in which they are placed, are identical with those of natural persons, expressly included in a statute. *S. C. Railroad Co.* v. *McDonald,* 5 Georgia, 531.

It cannot be denied that in many of the recent decisions, a disposition has been manifested by the courts to modify the strict doctrines formerly held with regard to corporations. With the multiplication of them which has been and is taking place to an almost indefinite extent, there has been a corresponding change in the law in relation to them. There was a time when it was supposed that no suit could be sustained against them, unless upon an express contract, under the seal of the corporation. 15 S. & R. 173. It is now held that they are liable in trespass, and in case, on an implied contract. Whether a corporation can be the subject of an action for libel, slander or malicious prosecution, is a point which has been discussed only of late times. In *Childs* v. *The Bank of Missouri,* 17 Missouri, 214, it was held, that the bank was not liable in an action "for falsely accusing plaintiff of embezzlement, and for unjustly, maliciously, and without probable cause, causing him to be arrested and imprisoned." The same question arose in England in 1854, but was not decided, in the case of *Stevens* v. *Midland Counties Railway,* 10 Excheq. 355. In *Goodspeed* v. *The E. H. Bank,* 22 Conn. 538, the same question arose, and it was, after full argument, though by a divided court, held that the action would lie. "The views of the old law-

yers," (said CHURCH, C. J.) "regarding the real nature, power and responsibility of corporations, to a great extent, are exploded in modern times, and it is believed that now these bodies are brought to the same civil liabilities as natural powers." In *The Trenton Mutual Life and Fire Insurance Co.* v. *Perrine*, 3 Zabriskie, 412, it was adjudged, in the Supreme Court of New Jersey, that a corporation aggregate may maintain an action for libel, for words published of them concerning their trade or business, by which they have suffered special damage.

While we will not be understood as expressing any opinion upon the questions arising in the cases cited above, we have referred to them in order to express our concurrence in the views of the court, that the tendency of modern adjudication has been, so far as practicable, to treat corporations as natural persons, and to hold them liable as individuals, civilly and criminally, for torts committed by their agents and servants, and for all injuries inflicted by their wrongful acts. As we have been unable to perceive any good reason, why a municipal corporation should not be held liable to the process of garnishment, we are of opinion that the judgment of the District Court must be reversed.

Judgment reversed.