Taylor v. The Burlington and Missouri Railroad Company, as Garnishee.

---

TAYLOR *v.* THE BURLINGTON AND MISSOURI RAILROAD COMPANY, as Garnishee.

Corporations are liable to the process of garnishment.

Where a railroad company was garnished as a debtor of one of its contractors, by service on its chief engineer, made on the 7th of July, 1854, who answered for the company, setting up the contract between the company and the said contractor, which contract contained the following provisions:—"It is further agreed, that as the work progresses, monthly estimates shall be made by the chief engineer, of the work done, and upon the presentation of such estimates, certified by such engineer, the company will pay the amount of such estimates, less such sum not exceeding twenty-five per cent., as said engineer may recommend to be retained as security for the faithful completion of this contract." * * * "And lastly, it is mutually agreed, that the contractors shall at any time, when required, furnish the engineer with

Taylor v. The Burlington and Missouri Railroad Company, as Garnishee.

satisfactory evidence that the men employed on the above work have been paid, and if they shall fail to furnish evidence within twenty days, after the first of the month, that all the labor on this contract for the preceding month has been paid, then the engineer may, at his discretion, claim and receive from the party of the second part, (the company,) any money in their hands due or becoming due, to said contractors for work under this contract, and that all money so paid, shall be chargeable to said contractors, and which contract further provided, that the company should in no case, be held responsible for the debts of the contractors; and where the answer further stated, that an estimate was made in the last part of June, which amounted to $6,519.03, from which was to be deducted fifteen per cent., making $977.85, and leaving a balance of $5,541.18; that there had been paid the contractors, before service of the garnishee process, $2,500; that for the remainder, the company held the receipts of the contractors, but the money by mutual agreement, (the contractors having failed to furnish evidence that all labor of the preceding month had been paid,) was left in the hands of the engineer, until the morrow, when an agent of the company was to accompany the contractors, to the several shanties, to see the money paid out to the laborers; that in the night, the principal contractor absconded, and the other's whereabouts was unknown; and that between the 7th and 18th of July, inclusive, the company paid the laborers more than the balance due the said contractors; *Held*, 1. That the provisions in the contract, requiring the contractors to furnish the engineer with satisfactory evidence that the men employed on the work, had been paid, when required, and that if they failed to furnish evidence within twenty days, after the first of the month, that all labor under the contract for the preceding month, had been paid, then the engineer may claim and receive the money from the company, &c., are distinct, and the second did not depend upon the first provision; 2. That the contractors could not sue for the money, until they had produced evidence that the hands on the work had been paid; 3. That until such evidence was produced, the company had the right to retain the money, or to apply it to the payment of the laborers; 4. That the special arrangement made with the engineer, was in harmony with the contract; 5. That the engineer held the money for the benefit of the laborers, and it could not be taken from them, either by garnishment, or by the contractors; 6. That the plaintiff could not recover against the garnishee.

*Appeal from the Des Moines District Court.*

WEDNESDAY, SEPTEMBER 9.

Taylor sued Johnson & Bennett, and issued a writ of attachment, under which the Burlington & Missouri River

Railroad Company was garnished, by service made on the 7th July, 1854, upon H. Thielson, the engineer and agent of the Company. Johnson & Bennett were contractors under the Company, for grading certain sections of the railway. The contract was entered into on the 30th May, 1854. The District Court rendered a judgment discharging the garnishee, from which the plaintiff appeals.

*T. W. Newman*, for the appellant, cited and relied upon the following authorities: Drake on Attach. 972; *Sebor* v. *Armstrong*, 4 Mass. 206: *Cleveland* v. *Clapp*, 5, Ib. 205; *Graves* v. *Walker*, 21 Pick. 160; Code, 268; *P. Ins. C.* v. *Cohen*, 9 Missouri, 421.

*David Rorer*, for the appellee, made the following points:

1. The Company is not subject to trustee or garnishee process. There is no statute rendering corporations liable to such process: They are not so liable unless by express statute. Angel & Ames on Corporations, sections 397, 402; Cushing on Trustees, 2, (note;) *Union Turnpike Co.* v. *N. England In. Co.*, 2 Mass., 37; *Danforth* v. *Penny*, 3 Met. 564; *N. England Marine In. Co.* v. *Chandler*, 16 Mass., 277.

2. By terms of the contract, a per-centage of the estimates were subject to be witheld as security for performance. This per-centage was not subject to garnishee process, even if a corporation were liable to be garnished, and the contract was otherwise such as would admit of it. Before such reserved fund could be wrested from the company, the whole contract would have to be completed to its letter. No payments except upon certified monthly estimates, were to be made, until completion of the contract. As no such estimate appears to have been *certified*, nothing was due the contractors at the service of the garnishee process; therefore, as it appears by the answer that the contractors disappeared, and the work has never been completed, nothing has ever become due to them, or subject to such process, even if free from the question hereinafter to

be discussed, as to the right of payment to the laborers. The contractors could not, themselves, recover, for they had failed to perform. *Dailey* v. *Jordan*, 2 Cush., 390.

3. By another clause in the contract, the company, or engineer, was authorized to pay the money to the laborers on the road. This privilege was not by a grant from the contractors to the company, of a right previously, or ever, by the contractors possessed; but was a reservation of power, stipulated for in the contract, was co-eval in existence with the contract, and with all the rights of the parties thereto. The contractors could not have coerced the payment to themselves, as against the laborers, except by consent of the engineer. Nor could they have enforced any claim for compensation at all, having abandoned the work and totally failed. The creditors of the contractors are no better off than the contractors, in that respect, were themselves. They occupy, as against the company, no better position than the creditors themselves would, if litigating for this money. The creditors are only substituted, to the contractors rights. Then they cannot hold the fund in question, in either case. *Joslyn* v. *Merrow*, 25 Vt. (2 Dean) 185: Drake on Attachments, sections 414, 415, 416, 498, 515, 516, 517, 519, 522, 523, 525, 527, 529, 530 531, 536, 602, 603, 610, 612 624, 696. *Williams & Cunningham* v. *Housel*, 2 Iowa, 157; *Wilson* v. *Allbright*, 2 G. Greene, 125; *Walters* v. *Washington In. Co.*, 1 Iowa, 409; *Robertson* v. *Hall*, 3 Met. 301, 307; *Holbrook* v. *Wates*, 19 Pick. 335; *Weed* v. *Jewett*, 2 Met., 698; *White* v. *Richardson*, 12 New Hamp. 93; *Cook* v. *Walthall*, 20 Ala. 334; *Patton* v. *Smith*, 7 Ired. 438; *Russell* v. *Hinton*, 1 Murph. 468; *Wright* v. *Ford*, 5 N. H. 178; *Swanscott Mechanics Co.* v. *Partridge*, 5 Foster, 369; *Roby* v. *Labusan*, 22 Ala. 60; *Brooks* v. *Hildreth*, 21 Ala. 334; *Kettle* v. *Harvey*, 21 Vt. 301; *Walkie* v. *McGhee*, 11 Ala. 273.

4. The laborers had a lien on the funds, at the discretion of the engineer, as against the creditors; and to the extent of said discretion, the company were trustees for the laborers, as to this fund. The right of the contractors was

conditional. *Joslyn* v. *Merrow*, 25 Vt. (2 Dean) 185; Drake on Attachments, sections 515, 517, 518; *Vincent* v. *Watson*, 18 Penn. (6 Harris.) 97; *Dwight* v. *Bank of Michigan*, 10 Met. 58; *Collins* v. *Brigham*, 11 N. H. 420; *White* v. *Richardson*, 12 N. H. 93; *Sharpless* v. *Welsh*, 4 Dall. 279; *Grant* v. *Shaw*, 16 Mass. 341.

5. This is a legal proceeding, and not an equitable one. There must be a clear unconditional right, or else there can be no recovery. Cushing's Trustee process, 37; Drake on Attachments, sections 413, 425; *Williams* v. *Railroad Co.*, 36 Maine 201.

6. The garnishee, by his answer, may interpose any circumstances in reference to the rights of third persons, although they are not parties to the process; hence the reservation in favor of the laborers is properly interposed, as also, the receipt of, and subsequent arrangement with Johnson & Bennett. Drake on Attachments, sections 653, 654. Nothing is presumed against a garnishee. The business agent may answer; and such answer is received as true. If uncertain, the plaintiffs may render it more certain by closer interrogations; but the weight of evidence is on the plaintiffs. *Gordon* v. *Coolidge*, 1 Sumner 537; *United States* v. *Langton and Trustees*, 5 Mason, 290; Drake on Attachments, section 658; *Head* v. *Merril*, 34 Maine 586; *Davis* v. *Knapp & Shea*, 8 Miss. 657; *Williams & Cunningham* v. *Housel*, 2 Iowa, 154; *Worthington* v. *Jones*, 23 Vt. 546. The cases of *Sebor* v. *Armstrong*, and of *Cleveland* v. *Clapp*, cited by the opposing counsel, turned upon the peculiar statute of Massachusetts, and upon the still more peculiar construction given to that statute for a short time, by the courts of that state, but from which they receded partially, in *Shear* v. *Handy*, 22 Pick., and which construction is totally repudiated by Judge Story in the subsequent cases of *Gordon* v. *Coolidge*, and the *United States* v. *Langton*, where the principle is settled, that when the facts as stated in the answer, neither admit nor deny indebtedness, and the court are left to decide from the answer and the law, arising there-

on, then unlesss the liability clearly appears from the answer, the garnishee must be discharged.   *United States* v. *Langton*, 5 Mason, 280 ; *Gordon* v. *Coolidge*, 1 Sumner 537 ; Drake on Attachments, sections 675, 676.

WOODWARD, J.—This cause presents a question of garnishment, which arises partly upon the following clauses in the contract between the company and the contractors, Johnson & Bennett:   "It is further mutually agreed, that " as the work progresses, monthly estimates shall be made "by the chief engineer, of the work done, and upon the " presentation of such estimates, certified by such engineer, " the Company will pay the amount of such estimates, less " such sum not exceeding twenty-five per cent. as said engi- "neer may recommend, to be retained as security for the faith- "ful completion of this contract."   *   *   *   "And lastly, "it is mutually agreed that the contractor shall, at any " time when required, furnish the engineer with satisfacto- " ry evidence that the men employed on the above work, " have been paid ; and if they shall fail to furnish evi- " dence, within twenty days after the first of the month, " that all labor under this contract for the preceding month, " has been paid, then the engineer may, at his discretion, " claim and receive from the party of the second part, (the " railway company,) any money in their hands due or be- " coming due to said contractors for work under this con- " tract, and apply the same to the payment of labor per- " formed under said contract, and that all money so paid " shall be chargeable to said contractors," &c.   And it is expressly provided that the company should, in no case, be held responsible for the debts of the contractors.   The company makes answer by Thielson, its engineer and agent, who states that an estimate was made in the last part of June, which amounted to··················$6060.26 and deducting 15 per cent.····················  909.04

would leave payable for the work.············$5151.22 ; That there had, before service, been paid to the contractors the sum of $2500.00, and that (here follows a portion of his

120    SUPREME COURT CASES—1857.

Taylor v. The Burlington and Missouri Railroad Company as Garnishee.

answer,) "for the remaining $2651.22, the company hold
" the contractors' receipts; but the money by mutual agree-
" ment, (the contractors having failed to furnish evidence
" that all labor of the preceding month had been paid,)
" was left in the hands of the engineer, until the *morrow*,
" when an agent of the railroad company was to accompany
" the contractors to the several shanties, to see the money
" paid out to laborers.   In the night, the principal con-
" tractor absconded, and the other's whereabouts [was] un-
" known.   The only course now left open to be pursued by
" the company, was to send trusty men to pay the laborers
" as best they might."   He proceeds to state, that from the
7th to the 18th of July, inclusive, the Company paid the
laborers more than the above balance due the contractors;

They paid····································$6294.90
Balance due contractors,····················· 2651.22
                                            _____
Amount overpaid,···························$3643.68

He then states that the estimate above named was found
erroneous, and that another was made, which is to be
taken as the correct one, and which made the work amount

to·······································$6519.03
Deduct 15 per cent.··························· 977.85
                                            _____
Leaves a balance····························$5541.18

The agent then claims payments in behalf of the com-
pany, as follows:

Paid contractors·················$2500.00
Paid laborers····················· 6294.90   $8794.90
                                _____ _____
Making amount overpaid·····················$3253.72

The garnishee sets forth the contract between the par-
ties, and the receipt of the contractors above referred to.
The facts involved in the case, and bearing on the ques-
tion to be decided, are briefly these:—The estimate for
the month of June having been made, and the agent hav-
ing from time to time, paid the contractors sums amount-
ing to $2500, it was agreed that on the next day, the agent

should send persons to see to the payment of the balance to the laborers; that during the following night, the principal, (and probably the acting) contractor, absconded—the other not being there, and his locality being unknown; and that, nevertheless, the balance due the contractors, was paid to the laborers. The answer does not state explicitly, whether the agent required proof that the men were paid, but uses the language, "the contractors having failed," &c. It appears that the engineer, in fact, held and disbursed the money in payments, in behalf of the company.

The question first in importance, as well as in order, is upon the construction of the contract. The plaintiff insists that the company, or its agent, was not authorized to withhold the money, unless it first made a requisition of the evidence of payment to the laborers; that if the garnishment was served before such requisition was made, and even if before the twenty days expired, it would cut off this right; that the receipt given by the contractor, was without consideration, and was therefore void; and, that as the contractor did not go with the agent, and pay the men, the agreement then made concerning the receipt and the payment of the money, was not performed, and the engineer had no right to pay it. This is taking too close and rigid a view of the relations of the parties. The terms of the contract are, that the contractors should at any time when required, furnish evidence, &c.; and if they failed to furnish evidence within twenty days after the first of the month, &c. These are distinct provisions. The second does not depend upon the first. The requisition might be made at any time, whatever the state of the work. But at all events, the contractors were to make the showing after the beginning of the month, even without demand, before they could draw the full amount of their money. An estimate is made near the end of the one month and the beginning of the next; the amount due is ascertained; and now the company is authorized to withhold the money, until it is satisfied that the men are

paid; and if the proof is not shown within the first twenty days of the month, the engineer may so apply it himself. A demand of the evidence is not necessary. The company may hold, until it is exhibited. The contractor could not sue until he had first made that showing. This is clearly the intent of the contract. The substance is, that the company has a right, if it choose to exercise it, to see that the laborers are paid; and so far to control the money till that is done, or to apply it themselves. The special arrangement made at the time, was in harmony with this idea. The contractor gave a receipt, with the understanding that on the next day, they should go and pay the money to the men; and there is no force in the argument of the plaintiff, that the agent was only to see it paid, and not to pay it; nor is there any in that, that the contractor was to go, when in fact, he did not. He might have gone, but he absconded in the night time. Both by the principal contract, and by the special arrangement, the agent then held the money for the benefit of the laborers, and it could not be taken from them, either by this process, or by the contractors.

The receipt bears date the 4th of July, but the date has no important bearing on the case. Nor indeed, has the receipt itself, for the question turns substantially on the principal contract, independently of these special arrangements. It is manifest that the contractors could not recover this money, and therefore the plaintiff in garnishment cannot, for he takes only the right of the contractors, or subject to their contract.

The view of the plaintiff, that by garnishing before a requisition for the evidence, or before the twenty days expired, he can hold, leads to the consequence that, however straightly the parties might proceed under the contract, the plaintiff might interrupt it, and divert the money from the laborers. This construction is not admissible. It might be inferred fairly from the answer of the agent, the contractors having failed to furnish evidence, that a requisition had been made, considering the nature of the paper,

and that the plaintiff could make more specific inquiries; but we have chosen not to put the case upon this ground, the broader one being the better.

But the plaintiff claims that he was entitled to a judgment against the garnishee for the sum of $389.96, being the amount in which the second estimate exceeded the first. This claim is based upon the ground, that at the special arrangement with the contractor, the calculation was based upon the first estimate, and the receipt given is for the amount thus produced. We have before said, that the fact of giving the receipt is not an important circumstance. Whatever the sum due the contractors, the company could hold till the men were paid, or apply it to such payment: and all that was due, even under the second estimate, was paid to the laborers.

A farther question is made in this cause, and that is, whether a corporation is subject to garnishment under the law of this State. It has been assumed, in the practice, that corporations were liable, and this court has been content with that view. It was received in the case of *Wales & Son* v. *The City of Muscatine,* 4 Iowa, 302. It is the manifest design of the system of our law, on the subject of collection of debts, whilst it makes liberal exemptions, (in the homestead, at least,) in favor of the debtor, to throw open the doors for inquiry as to his other property, and to facilitate that inquiry; and accordingly we have believed, that the law designed to extend the application of the process of garnishment.

The judgment of the District Court is affirmed.