·BURTON & STAPLETON v. DISTRICT TOWNSHIP OF WARREN.

1. GARNISHMENT:·CORPORATION. . A corporation may be garnished.

2. SAME: PURCHASER WITH NOTICE. The rights of a purchaser of a garnished claim, with notice, discussed and determined.

3. RIGHTS OF GARNISHEES. A garnishee is never, except by his own carelessness or negligence, to be placed in a worse situation than he would occupy if the attachment or execution defendant were himself prosecuting his claim against him.

4. ATTACKING A JUDGMENT COLLATERALLY. A judgment cannot be attacked for informality in a collateral proceeding.

### Appeal from Keokuk District Court.

### TUESDAY, OCTOBER 9.

THIS action was brought upon a warrant issued by the School District in favor of one Johnson. Pending the action the warrant was assigned to Burton & Stapleton and they were substituted as plaintiffs.

Defendant answers, that the District was garnished at the suit of one Mitchell against Dice; that the money for which the warrant was drawn was owing to Dice from the teacher's fund; and that judgment had been rendered against Dice, as also against the District; that this latter judgment had been paid, and that this was the same indebtedness named in said warrant. Issue, trial and judgment for plaintiff; and defendant appeals.

*Casey & Mackey* for the appellant.

*Hendershott & Burton* for the appellee, relied upon Drake on Attach., sections 463, 489, 493, 494, 645, 646, 649.

WRIGHT, J.—Counsel for appellant have urged several grounds for the reversal of this judgment, but we shall confine our attention to those touching the garnishee proceedings. The question is, whether the District is released from liability to plaintiffs by reason of the matters and things found and contained in the judgment in favor of Mitchell. All of

the evidence (mostly record) is before us, and we are constrained to hold that upon this point the law of the case is with defendant, and that in rendering judgment for plaintiff, the court below erred. Brevity may be consulted by considering the objections urged by plaintiff to said garnishee proceedings.

I. And first, they insist that the District being a corporation could not be garnished. It has been held otherwise, however, by this court, *Wales & Son* v. *Muscatine*, 4 Iowa 302. But it was held further in that case, that the exemption claimed was one that the garnishee alone could assert, and that it could not be set up for it by another. In this case the corporation so far from claiming the exemption, insists that the judgment in favor of Mitchell is conclusive. And see *Taylor* v. *Burlington & Missouri River Railroad Company*, 5 Iowa 114.

II. It is claimed that while the district was garnished before the warrant was issued, yet that Johnson owned the debt before the service of the notice; and that if not, he was at all events an innocent holder, in no manner affected by said judgment of garnishment. And in this same connection it is urged that plaintiffs are innocent holders of this warrant, and that they at least had no notice of any equities between Johnson, Dice, Mitchell and the School District.

So far from its being true that Johnson owned the claim before the issuing of the warrant, he avers in his petition that he purchased it on or about the day it bears date, and there is no testimony whatever that he purchased it at any other time. This warrant was issued at least twenty days after Mitchell commenced his suit, and after the District was garnished.

Aside from this, the proof is to our minds abundant that Johnson had full and ample notice of the pendency of said action, of said garnishment, and of all the equities existing between Mitchell, the School District and Dice, before he ever procured said warrant. And then, as to plaintiffs, they took the warrant some nine months after it was issued, after

the judgment was rendered against the District in favor of Mitchell, after said judgment had been paid, and after this action was commenced. These circumstances taken in connection with the fact that they were the attorneys of Johnson, render the conclusion inevitable to our minds that they can occupy no better position than he does, and that the equities which obtain in favor of the district as against him, must in like manner prevail against them.

Not only so, but if we could entertain the opinion that there was no combination between Dice and Johnson to practice a fraud upon the District and Mitchell, we could more readily, (in view of the fact that the officers issued the warrant to Johnson and not to Dice,) assent to the proposition that the plaintiffs ought to be protected in their purchase. Dice when he gave his note to Mitchell, which was the foundation of the action in which the garnishee process was issued, expressly stipulated by his agreement in writing, found upon the same paper, that Mitchell should have a lien for said debt upon the wages due from said District, and to pay which wages the warrant now in suit was drawn. This stipulation, as well as the note, was filed in the garnishee case, of all which Johnson had notice. The venue of that case was changed four times, and in every instance Johnson was present with Dice, and it was during this protracted litigation between Mitchell and Dice, that Johnson procured the warrant. Under such circumstances we think that Johnson (or his assignees, who stand in no better position) must sustain the loss, if loss there is to be, rather than Mitchell or the district.

III. The rule is that the rights of a garnishee are to be carefully protected. He is not to be placed in a situation, except from his own negligence or carelessness, where he will be compelled to pay the debt twice. This liability is to be no greater to the garnishor than it would be to his creditor, and he is never to be placed in a worse situation than if the defendant in the attachment or execution were him-

self enforcing his claim against him. (*Wilson* v. *Albright*, 2 Gr. 125; 1 Iowa, 404; *Smith, Twogood & Co* v. *Clarke & Henley*, 9 Ib. 241.)

IV. The objection that the judgment in favor of Mitchell is so informal as not to bind the district, might have much weight if made directly in that case. It is entitled to no weight however, when that judgment is attacked, as in this instance, collaterally. To permit this objection to prevail would be to apply a more stringent rule to the case of a garnishee than obtains in any other class of cases.

Judgment reversed.