Syllabus.  Statement of the case.

ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

OLIVER P. COBB *et al.*

1.  GARNISHMENT—*in what cases—railroad company not liable to judgment in process of—property in transitu and out of the jurisdiction of the court.*  A railroad company can not be held liable to judgment on the process of garnishment, when, at the time of issuing and serving the writ, the property had *left* the county, and was *in transitu* on its route, consigned to the debtor.

*Quære*—Whether objection to such process would exist, in case the property had *not* left the county.

2.  SAME—*answer of garnishee—however insufficient—unless excepted to—will prevail.*  The answer of a garnishee, however insufficient, will prevail, where no exception, by demurrer or otherwise, has been taken thereto.

3.  SAME—*until disproved or contradicted—must be taken as true.*  The answer of a garnishee, until disproved or contradicted, must be considered as true; and if the facts stated therein, do not charge him, and such answer is uncontradicted, he should be discharged.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was a suit in attachment, commenced in the court below, against the appellees, Oliver P. Cobb, James W. Christy and John Cobb, by Harry B. Bates and others, with a summons against the appellant, as garnishee. A trial was had before the court, at the March term, 1868, and judgment rendered against appellant for $1,504.93. A motion for a new trial was made and overruled, and the case is now brought to this court by appeal. The further facts in the case are stated in the opinion.

Mr. JOHN N. JEWETT, for the appellants.

Messrs. GOUDY & CHANDLER, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court :

The question presented by this record is one of the first impression in this court, and of general interest.

The question is, can a railway company be held liable to judgment on the process of garnishment, merely on the ground that it may have had property *in transitu* on its route, consigned to one who may be a debtor at the time of issuing and serving the writ? No case has been cited by appellees in which such a proceeding has been sustained, and in the absence of precedent we should be strongly inclined to hold that companies were not so liable; certainly not, out of the county where the property delivered to them for transportation is situate. Any other rule would make railway companies collecting agents of creditors, and that, too, at the risk of these companies. They are common carriers of all kinds of manufactured and agricultural products, having a lien upon the articles delivered, for the freightage. They are obliged, under ordinary circumstances, to carry all that shall be delivered to them, and they discharge their duty by carrying and delivering according to the contract. It is not their business, nor is it their interest, to know to whom the various articles belong, nor should it be required of them that conflicting claims to the property entrusted to them, should be adjusted through controversies, the burden, annoyance and expense of which they must bear. When the goods are in the depot of a railway company, in the county in which the attachment proceedings are instituted, there could, perhaps, be no objection to such process, but on this point we express no definite opinion. When the property has left the county and is in transit to a distant point, though on the same line of railway, it would be unreasonable to subject the company to the costs, vexation and trouble of such a process, merely because it had received to be carried that which the law compelled them to receive and carry.

But, leaving this question out of view, there are several reasons why this judgment should not be sustained, and the first is, the answer of appellants was not overcome by any testimony. They stated that they had not, at the time of the service of the garnishee process upon them, or since, any property belonging to the defendants in the attachment suit, or either of them, standing in the name of Cobb, Christy · & Co., or consigned to them, or in the name of the defendants, or either of them, or in any name designating them, or in which they, or either of them, were interested, excepting that about the time of the service of the garnishee process, there was, at Cairo and other points on the line of their road beyond the limits of Cook county, a lot of damaged corn standing in their cars, consigned to the defendants in the attachment suit, by various persons, but which they refused to receive, and which was sold as perishable property, for payment of freight and charges, and for which the proceeds were insufficient.

Appellees took no exception to the answer, by demurrer or otherwise, and however " insufficient" it may be, it must prevail. If it be " concise," it was open to exception on that ground. If, on the data furnished by the company, an account could not be stated between them and the defendants in the judgment, it is too late now to urge that objection, as the answer was traversed, and a trial had upon the facts stated in it. No part of the answer, as we understand the testimony, was disproved. No attempt was made to contradict the facts stated in it, and being uncontradicted, the garnishees were entitled to a discharge.

But there are other grounds upon which the judgment should be reversed.

The attachment writ and proceedings and judgment were against Oliver P. Cobb, James W. Christy and John Cobb. The record shows, by the affidavit of Rensselaer Stone, one of the plaintiffs in the attachment, that the defendants, against whom the writ was prayed, composed the firm of Cobb,

Christy & Co., and their names were Oliver P. Cobb, James W. Christy and John Cobb, alleging them to be co-partners. The evidence is clear and unmistakable that appellants had, at no time, any property of that firm in their possession, as common carriers or otherwise. The grain in their cars, at El Paso and other points on their road, was not the grain of the defendants, but of Cobb, Blaisdell & Co., for account of O. P. Cobb, Christy & Co. The firm of Cobb, Blaisdell & Co., it is proved, was composed of O. P. Cobb, E. S. Blaisdell and A. A. Anick, whilst that of Cobb, Christy & Co. was composed of O. P. Cobb, J. W. Christy and O. P. Cobb & Co., which latter firm was composed of O. P. Cobb, Thomas Falbre, L. M. Fouke and Peter W. Williams. Thus it is seen, that no property in which John Cobb could have any interest, was ever in the possession of the garnishee. The proceedings being against a company of which John Cobb was alleged to be a co-partner, and the proof, on the traverse of the answer of the garnishee, showing that no property in which John Cobb was interested, was ever in the possession of the garnishee, a discharge should have followed, as a matter of course. This judgment, therefore, could not be pleaded in bar of an action brought by the parties composing the firm of Cobb, Christy & Co. against the railroad company.

An inspection of the record shows that the only admission made by the appellants, in which the defendants in the attachment have any concern or interest, is, that they had some damaged corn in their possession which was sold for freight and charges, which the proceeds did not pay ·in full. No witness has disproved this.

But there is another reason why, this judgment should be reversed, and it is this : the corn in question was not proved to have been the property of Cobb, Christy & Co. It was bought by one Fallis, and to become the property of that firm, to whom it was consigned, when it should pass government inspection, they being contractors with the government for

large supplies of forage. Two members of the firm testify the corn in question was not their property, and was to be received by them only after inspection. Follis, it is true, gives a somewhat different coloring to the transaction, but as stated by their witnesses, and as is reasonable in itself, they were not the owners of the corn, nor could they be made liable for its payment until received by the government, after inspection. The weight of the evidence, having regard to the nature of the transaction, seems to preponderate in favor of the fact, that the corn was not the property of Cobb, Christy & Co.; certainly not the property of the firm against whom the attachment proceedings were instituted.

For the reasons given, the judgment of the circuit court is reversed and the cause remanded.

*Judgment reversed.*