DART MANUFACTURING COMPANY, Appellee, v. M. F. CARR, Defendant.

CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Garnishee and Appellant.

GARNISHMENT: Interstate Shipment—Goods in Actual Transit. Notwithstanding the broad language of our garnishment statutes, a common carrier, engaged in interstate commerce and having in its possession for shipment goods to be delivered, in another state, to the consignor or upon his order, may not be garnished, on account of such possession, while the goods are *in actual transit*, although the goods, at the time the attempted garnishment is served, are still within the state, but in another country than that from which the goods were shipped and in which the garnishment was served. (See Sections 3935 to 3946, Code, 1897.)

*Appeal from Black Hawk District Court.*—FRANKLIN C. PLATT, Judge.

TUESDAY, MARCH 7, 1916.

GARNISHMENT proceedings to hold the railway company liable as a garnishee in an action brought by the plaintiff against the defendant Carr. The trial court held the garnishee liable, and the garnishee appeals.—*Reversed.*

*F. W. Sargent, Pickett & Swisher,* and *J. H. Johnson,* for appellant.

*E. J. Wenner,* for appellee.

DEEMER, J.—In an action commenced by plaintiff against defendant, Carr, the Chicago, Rock Island & Pacific Railway Company, having a line of railway in Black Hawk County, Iowa, and engaged in interstate commerce, was garnished, on the theory that it had certain property belonging to the defendant in its possession for transportation, and was therefore subject to garnishment. It appears that, on the day prior to the commencement of the action, the defendant delivered to the railway company at its depot in Waterloo, Black Hawk County, a certain lot of household goods to be shipped by it and its connecting carriers to the consignor at Indianapolis, Indiana. The consignor paid the freight on the goods, and the carrier loaded them into a car belonging to another railroad company and placed this car in a train which left Waterloo at about two o'clock in the afternoon of the day it received the goods. On the next day, this action was commenced, and notice of garnishment was served about 7:30 P. M. of that day upon the local agent of the railway company at Waterloo, at the home of the agent. The notice was served on Saturday evening after office hours, and the agent did not return to the company's office until the following Monday. At the hour the notice of garnishment was served, the goods had arrived at the city of Cedar Rapids, in Linn County, and were in transit at that time; and on the next day, Sunday, they had reached Silvis, in the state of Illinois. On this state of facts, the trial court held the garnishee liable, and rendered judgment accordingly.

GARNISH-
MENT: inter-
state ship-
ment: goods
in actual
transit.

The question presented is a narrow one, and we wish to make the decision as narrow as the question. It is this: May a carrier engaged in interstate commerce, having in its possession for shipment goods to be delivered to the consignor or upon his order, be garnisheed while the goods are in actual transit, the goods being still within the state, although in another county at the time notice of garnishment is served? Our statutes make no express exceptions which

seem to cover the case, and are broad enough to embrace private corporations within the term "property in the possession of another", or "persons". *Taylor v. Burlington & M. R. Co.*, 5 Iowa 114; *Wales & Son v. Muscatine*, 4 Iowa 302, 304; *Burton & Stapleton v. District Township*, 11 Iowa 166, 168. And property in the possession of an agent or bailee may, as a rule, be reached by garnishment. *First National Bank v. Davenport & St. P. R. Co.*, 45 Iowa 120; *County of Des Moines v. Hinkley*, 62 Iowa 637. Yet notwithstanding the broad language of these statutes, the courts have made certain exceptions, and held that a guardian of the property of another, a receiver, a debtor against whom a judgment has been rendered in another state, cannot be garnished. See *Pugh v. Jones*, 134 Iowa 746; *Elson v. Chicago, R. I. & P. R. Co.*, 154 Iowa 96; *Martin & Bros. v. Davis & Co.*, 21 Iowa 535; *Commercial Exchange Bank v. McLeod*, 65 Iowa 665. Some of these exceptions grow out of public policy, and some, out of the relation of the garnishee to the transaction. We say this much to demonstrate that, notwithstanding the broad language of the statute, some persons, or some persons in particular relations, may not be garnished. Should common carriers engaged in interstate commerce also be brought within the exception, when they are actually engaged in the transportation of goods in interstate commerce at the time the notice of garnishment is served, although the goods have not yet left the state? We have already held that a carrier in such circumstances is not subject to garnishment, if the goods in its possession and in transit are outside the state. See *Montrose Pickle Co. v. Dodson*, 76 Iowa 172. In that case, it is said:

"The statute provides that a judgment may be rendered against the garnishee if he does not deliver the property to the sheriff. This is a right given to the garnishee. He may, at any time after answer, exonerate himself by placing the property at the disposal of the sheriff. Code Sec. 2986. If property in a distant state may be reached by process of

garnishment, in order to avail himself of this right the garnishee must transport the property to the sheriff holding the writ, and deliver it to him. The garnishee cannot be deprived of this right, and as he is an innocent party, he cannot be compelled to bring the property within the jurisdiction of the court. The facts in this case are as good an illustration of the fallacy of this claim as can be given. The steamer company had taken this property upon one of its boats and was under way, bound under its contract of affreightment to deliver the same at St. Louis. To avail itself of its right under the above statute, it would be required to ship the goods back to Keokuk, make its answer, and deliver the property to the sheriff. The law imposes no such obligation upon a garnishee; and yet, under the claim made by appellant, the garnishee must either do this or become the debtor of the defendant for the value of the property. The law puts no such hardship upon a garnishee. It is very different where a debt is garnished. It is a debt first and last. In such case, the process of the law does not practically compel the garnishee to become a debtor against his consent. This identical question was determined by the Supreme Court of Wisconsin, in the case of *Bates v. Chicago, M. & St. P. R. Co.*, 60 Wis. 296 (19 N. W. 72). In an elaborate opinion, in which many of the authorities cited by counsel in this case are reviewed, it was held that personal property under the control of a garnishee, but situated out of the state where suit is brought, cannot be reached by the process of garnishment. In that case, as in this, the property was in actual transit, and out of the state, when the garnishment notice was served. We do not think it necessary to do more than refer to that case, and the authorities therein cited. It appears to us in its reasoning to be eminently sound, and that no other conclusion could have been fairly reached; and the rule adopted has peculiar force when applied to an attempt to garnish a common carrier while transporting goods outside of the state where suit is commenced. As was said by Chief Justice Breese, in

*Railroad Co. v. Cobb,* 48 Ill. 402: 'When property has left the county and is in transit to a distant point, though on the same line of railway, it would be unreasonable to subject the company to the costs, vexation and trouble of such a process, merely because it had received that to be carried which the law compelled it to receive and carry.' It will be understood that we do not determine the question as to the right to garnish a carrier of property, where the same is within this state."

It is true that the court expressly refused to decide the question now before us, although it cited cases holding that it makes no difference whether the property be within or without the state, if actually in transit. The argument of the court in support of its holding is quite as persuasive in one situation as the other, provided the shipment was in interstate commerce. The carrier was bound to receive all goods tendered to it for shipment, and could not select its bailors. It was required to transport the same when received, without delay, and was only excused by act of God or public enemy. It was engaged in semi-public business, and was bound to carry with reasonable promptitude and to deliver to the consignee, or his agent or assignee. A garnishee has the right under the statute (Code Sec. 3944)[1] to deliver the property in his hands to the sheriff, and thus exonerate himself from liability; but in the *Montrose* case, *supra,* it was held unreasonable to exact this duty of a common carrier when the goods were outside the state at the time of garnishment. The same hardship obtains, although in less degree, where the goods are within the state but in another county. See also *Illinois Cent. R. Co. v. Cobb,* 48 Ill. 402. Again, the carrier cannot know whether the bill of lading issued to the consignor is still held by him, and, if subject to garnishment, all it could do would be to unload the goods in transit, carry them back to the place of garnishment, wait for the disposition of the garnishment suit, or deliver the goods to the sheriff to abide the result of the suit, and if ordered returned to the carrier,

it would have to reship the same to their destination. Surely it was not intended that the business of railway companies and common carriers engaged in interstate commerce should be thus interfered with. These views are sustained by the almost universal voice of authority. See *Bates v. Chicago, M. & St. P. R. Co.,* (Wis.) 19 N. W. 72; *Illinois Cent. R. Co. v. Cobb,* 48 Ill. 402; *Stevehot v. Eastern R. Co.,* (Minn.) 63 N. W. 256; *Western R. Co. v. Thornton,* 60 Ga. 300; *Pennsylvania R. Co. v. Pennock,* 51 Pa. St. 244; *Walker v. Detroit G. H. & M. R. Co.,* (Mich.) 13 N. W. 812. We are not now deciding the question as to whether a railway may be garnished for debts due an attachment or execution defendant, or whether it may be garnished if the goods are not in transit, or whether it may be garnished if the shipment be intrastate in character; nor are we to be understood as holding that goods in transit may not be taken by direct levy of an attachment or execution thereon. It will be time enough to decide these questions when they arise.

Our conclusion is that the garnishment in this case cannot be sustained, and the judgment must be and it is—*Reversed.*

Evans, C. J., Weaver and Preston, JJ., concur.