# Richardson *v*. Kaufman.

*Garnishment to Subject Wages.*

1. *Exemptions; waiver; garnishment.*—The exemption of wages or salary to the extent of twenty-five dollars per month, contained in section 2038 of the Code, takes away the process of garnishment as a means of subjecting such salary or wages to the payment to debts, whether the debtor waived his exemptions or not.

1. *Same; same; constitutional law.*—The fact that the Constitution allows a debtor to waive his exemptions, does not bind the legislature to provide a remedy by garnishment for the collection of debts as to which such exemptions are waived.

APPEAL from Circuit Court of Marengo.
Tried before Hon. A. H. ALSTON.

This cause was begun by suit in the court of a justice of the peace, by the appellee, L. Kaufman, against appellant, William Richardson, and was based upon a promissory note executed by defendant to plaintiff. Judgment was rendered for plaintiff, and thereupon a garnishment was issued against the employer of the defendant. It appearing before the justice of the peace, that the only indebtedness of the garnishee to the defendant was wages less than twenty-five dollars, and under employment for personal service at a wage of less than said sum, the garnishment was dismissed, and judgment for costs ren-

dered against the plaintiff. Plaintiff appealed to the circuit court. In the circuit court, the garnishee moved that the writ of garnishment be dismissed and the garnishee discharged, on the ground that it appeared that the only indebtedness to the defendant was for wages as a laborer, under a contract for his services at a sum less than twenty-five dollars per month. This motion was overruled, and judgment rendered against the garnishee. Appeal is taken from this action of the court.

McDANIEL & POWELL, for appellant, cited:—Acts, 98-9, p. 37; Code, § 2196; *Lindsley v. Morris,* 100 Ala. 546; *Donald v. Nelson,* 95 Ala. 111; *Lehman v. Hudmon,* 79 Ala. 532; Hood on Garnishment, 16, 17; 8 A. & E. Enc. Law, 1098, 1105; *Porter v. Perdue,* 105 Ala. 293; *Adams v. Green,* 100 Ala. 218; 97 Ala. 533.

ABRAHAMS & SIMON, *contra.*

McCLELLAN, C. J.—Section 2038 of the Code as amended by the act of February 23d, 1899, is as follows: "The wages, salaries or other compensation of laborers or employes, residents of this State, for personal services, to the amount of twenty-five dollars per month, shall also be exempt from levy under writ of garnishment or other process for the collection of such debts, and when the fact of such indebtedness is disclosed by the answer of the garnishee the levy shall be void and the same shall be dismissed by the court before whom filed, unless the plaintiff in garnishment shall contest the answer of the garnishee, as now provided by the law in such cases." (Acts, 1898-9, p. 37).

The language of this statute is too plain to require or to admit of construction. There is no uncertainty or ambiguity to be relieved or removed by considerations *de hors* the words the legislature has employed. The directly expressed and obvious purpose was to take away the process of garnishment as a means of subjecting to the payment of debts the wages, etc., of laborers and employes to the extent of twenty-five dollars per month in all cases. No exception is made in respect of debts as to

]Richardson v. Kaufman.]

which the debtor has waived his exemptions.  There is no hint of such an exception.  The plain words of the act would have to be emasculated of their universal meaning to engraft such an exception.  No glint of it is found in the last clause of the enactment providing for a contest of the answer.  The operation of that provision is merely to let the plaintiff in to deny the truth of the answer in respect of its disclosure that the sum admitted to be due constitutes the wages, salary, or other compensation, not exceeding twenty-five dollars per month, of a laborer or employe, and not to prevent that disclosure performing its statutory office by bringing in the extraneous fact, in no degree impugning the truth of the answer, that, as to the debt sued on, the defendant has waived his exemptions.

Nor is this statute unconstitutional.  The fact that the Constitution allows a debtor to waive his exemptions no more binds the legislature to provide a remedy by garnishment for the collection of debts as to which exemptions are waived, than the legislature would be bound in the absence of all statutory and constitutional exemptions and, of course, of all provisions for waiver, to provide a remedy by garnishment for the collection of debts.  No more in the former case than it would be in the latter, and not at all in any case, is the plenary power of the legislature, in respect of providing, or withholding, or withdrawing once provided remedies for the collection of debts, limited by the organic law.

To be sure there is organic provision against legislative impairment of the obligations of contracts by destroying or impairing the remedy for their enforcement, but no question as to the application of that provision arises in this case, since the statute of February 23rd, 1899, taking away the remedy by garnishment in cases of this character, was enacted before the contract sued on was made.

The rulings and judgment of the circuit court were opposed to the foregoing views.  Its judgment must be reversed, and a judgment will be here entered dismissing the garnishment proceeding.

Reversed and rendered.

HARALSON, DOWDELL and DENSON, J. J., concurring.