(108 So. 765)

## LOUISVILLE & N. R. CO. v. WEBB FURNITURE CO. (1 Div. 409.)

(Supreme Court of Alabama. May 27, 1926.)

1. **Garnishment** ⊜⟹55—**Jurisdiction of nonresident held not obtained by mere service of process on garnishee, where property itself was not within jurisdiction of court (Code 1923, §§ 8072, 8073).**

Garnishment being a proceeding in rem, jurisdiction of nonresident *held* not obtained in attachment proceedings under Code 1923, § 8073, by mere service of process on garnishee, a carrier, where property itself, which was in interstate commerce, was in a distant part of the state, and not within jurisdiction of court; garnishment not being under section 8072.

2. **Garnishment** ⊜⟹125—**Garnishee carrier, without interest in property attached in its possession merely for shipment to owner, may show that writ is void, where property is without jurisdiction of court.**

Garnishee carrier, having no claim or interest in property attached, which was merely in its possession for purpose of shipment to owner, may show that writ was void, and that it is entitled to its discharge because property was without jurisdiction of court; question not being one of venue, and mere irregularity.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by the Webb Furniture Company against Mrs. Frank S. Hanna, with garnishment in aid of suit. From the judgment, the garnishee, Louisville & Nashville Railroad Company, appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and rendered.

Smith, Young, Leigh & Johnston, of Mobile, for appellant.

Attachment against a nonresident is a proceeding in rem. The situs of the property levied on determines the jurisdiction of the court; only a court of the county where the property is located has jurisdiction. This attempt by garnishment to reach the property in question was ineffectual and void. Kress v. Porter, 132 Ala. 577, 31 So. 377; Brown & Hagin Co. v. McCullough, 194 Ala. 638, 69 So. 924; A. G. S. R. Co. v. Chumley, 92 Ala. 317, 9 So. 286; Dart Mfg. Co. v. C. R. I. & P., 174

Iowa, 471, 156 N. W. 714, L. R. A. 1916E, 449. Garnishment at the suit of the creditor of the owner of goods while the goods are in actual transit in interstate commerce is ineffectual. Any attempt to reach such goods is absolutely void. 10 C. J. 283; Ill. Cent. R. Co. v. Cobb, 48 Ill. 402; Pittsburgh, etc., R. Co. v. Cox, 36 Ind. App. 291, 73 N. E. 120, 114 Am. St. Rep. 377; Bates v. Chicago, etc., Co., 60 Wis. 296, 19 N. W. 72, 50 Am. Rep. 369. Writ of distringas should not have been ordered. Code 1923, § 8073; Murdock Co. v. Collins, 146 Ala. 604, 40 So. 96.

Hogan & Mitchell, of Mobile, for appellee.

The situs of personal property follows the person. Blackstone v. Miller, 188 U. S. 204, 23 S. Ct. 277, 47 L. Ed. 439. Attachments and garnishments are not with the operation of the venue statute. Code 1923, § 10467; Mc-Phillips v. Hubbard, 97 Ala. 512, 12 So. 711; Herndon v. Givens, 16 Ala. 261. The process power of the circuit court runs to any sheriff or other officer in any county. Code 1923, § 9417; Jefferson County S. B. v. Carland, 195 Ala. 279, 71 So. 126. Attachments may be made returnable to any county. Code 1923, § 6174. The property of the debtor is subject to garnishment or attachment, notwithstanding that it has become a part of interstate commerce. Davis v. C., C., C. & St. L. R. Co., 217 U. S. 157, 30 S. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907; Rosenbush v. Bernheimer, 211 Mass. 146, 97 N. E. 984, Ann. Cas. 1913A, 1317. The judgment was proper. Code 1923, § 8073; Jones v. Crews, 64 Ala. 368; Murdock v. Collins, 146 Ala. 604, 40 So. 96.

GARDNER, J. The Webb Furniture Company instituted this suit by process of attachment against Mrs. Frank S. Hanna on the ground that the defendant was a nonresident of the state, seeking a recovery of an alleged indebtedness on account of $135.50. There was no personal service on the defendant, and no personal appearance by her, nor was there any actual levy of any property of the defendant, but the attachment writ was executed by service of process of garnishment on the Louisville & Nashville Railroad Company, a common carrier.

[1] The answer of the garnishee (sworn to and uncontroverted) discloses that, as a common carrier of freight for hire, and engaged in interstate commerce, there was delivered to it by Mrs. Frank S. Hanna at its freight depot at Mobile a shipment of boxes of household goods and other articles not necessary to enumerate, all of which was to be transported to the city of New York, and there delivered to said Mrs. Frank Hanna, who was both consignee and consignor, and that the freight charges thereon were prepaid; that these goods were placed in a car which left Mobile in a train at 7:11 o'clock p. m., May 23, 1922, on its interstate journey to New York City; that the writ of garnishment was served at 5:45 o'clock p. m., May 24, 1922, at which time none of the goods were in Mobile or the Thirteenth judicial circuit of Alabama, but all of said goods were at the time of the service of said writ in the city of Birmingham, Ala. The motion of the garnishee to be discharged on its answer was overruled, and judgment rendered against the defendant and the garnishee; the said garnishee being ordered to deliver said goods, or so much thereof as may be necessary to satisfy the judgment, to the sheriff of Mobile county, for recovery of which writ of distringas was ordered to issue.

The answer shows that the garnishee had no claim or interest in the property, and merely had possession thereof for the purpose of shipment to the owner, and comes within the character of garnishment referred to in section 8073, Code of 1923, as distinguished from those embraced in section 8072, Code of 1923. Murdock v. Collins, 146 Ala. 604, 40 So. 96.

The plaintiff in the case of Kress v. Porter, 132 Ala. 577, 31 So. 377, sought to maintain an action for damages in the Clarke circuit court against the defendant nonresident, and to acquire jurisdiction thereof in said court by the levy of an attachment on property of the defendant in Mobile county. It was held that the Clarke county court was without jurisdiction; the court saying:

"For jurisdictional purposes, therefore, the property of a nonresident defendant, who has not been served, or who has not appeared, it seems that the property itself levied on stands in the place of service, to the extent of the levy, for its condemnation to sale, and no further. Being in the nature of a proceeding in rem, it would appear that the situs of the property would determine the jurisdiction of the court to entertain attachment proceedings for its condemnation, there being nothing in the statutes of the state to the contrary. * * * 'In actions in which attachments are issued, or other proceedings, where the property of the defendant, who is a nonresident is sequestered, the proceeding should be brought where the property is seized.' * * * 'And being an action in rem, the seizure must be made on a writ issuing from a court having jurisdiction of the res. Where there is no personal service, it must be prosecuted where the property is situate on which the action is founded.' * * * When our statute prescribes that an attachment of the class this one is, may be issued 'only by a judge of the circuit court, judge of probate, or chancellor, returnable to any county,' it does not mean that it may be returnable to any county according to the arbitrary will or caprice of the officer issuing it. Jurisdiction in such case would be made to depend upon the vacillating discretion of judicial officers, whereas, if determined by the situs of the property levied on, it becomes fixed, reasonable and just."

"In attachment proceedings, * * * the res must be within the jurisdiction of the court is-

suing the process, in order to confer jurisdiction." Brown v. McCullough, 194 Ala. 638, 69 So. 924.

It therefore follows, that had the effort in the instant case been to levy upon the property itself, the court at Mobile would not have acquired jurisdiction. But, as said in Western R. R. v. Thornton, 60 Ga. 300:

The "garnishment directed to a bailee and duly served, is a species of legal seizure of the property which is the subject of the bailment."

And in A. G. S. R. R. Co. v. Chumley, 92 Ala. 317, 9 So. 286, the court said:

"Garnishment is a species of proceeding in rem, in the nature of a sequestration of the debtor's efforts. Unless the property is within the jurisdiction of the court issuing the garnishment, so that it may be seized, jurisdiction neither of the res, nor the person can be acquired."

The holding of the court in the last-cited case is succinctly stated in the headnote as follows:

"In an action by an employee of an Alabama railroad corporation, whose road was also partly operated in Tennessee, to recover wages or compensation for work done here, plaintiff being then and still a resident of Alabama, a judgment rendered against the company in Tennessee, under a garnishment issued on a judgment there rendered against plaintiff on personal service, and payment thereof by the garnishee, constitute no defense, in the absence of evidence showing that, by the statutes of Tennessee, the court there had acquired jurisdiction of the debt sought to be reached and subjected."

Jurisdiction of the nonresident is here sought to be obtained by virtue only of the attachment proceedings, and we are of the opinion our garnishment statutes are not to be construed as giving jurisdiction in cases of this character by mere service of process on the garnishee; the property itself of which the garnishee is mere bailee being in a distant part of the state, and not within the jurisdiction of the court. There is no sound reason for a distinction as to jurisdiction when the property itself is levied upon, and when the attachment is served by way of writ of garnishment, for the "garnishment is a species of legal seizure of the property." As previously noted, we are here dealing with a garnishment proceeding against a bailee, one without interest in the property and of the class within section 8073, Code of 1923.

In such a case the garnishment stands in lieu of the seizure of the property, and the same rule as to the court's jurisdiction should obtain as when the levy is upon the property itself. The hardship and injustice of a contrary construction of such statutes have been the subject of discussion in courts of other jurisdictions.

The case from the Iowa Supreme Court of Dart Mfg. Co. v. Carr, 174 Iowa, 471, 156 N. W. 714, L. R. A. 1916E, p. 449, is very much in point as to facts, and the statute there considered very similar to that in this state. In discussing the question, the court refers to one of its former decisions where the property had been transported beyond the borders of the state, and wherein the following language was used:

"The statute provides that a judgment may be rendered against the garnishee if he does not deliver the property to the sheriff. This is a right given to the garnishee. He may at any time, after answer, exonerate himself by placing the property at the disposal of the sheriff. Code, § 2986. If property in a distant state may be reached by process of garnishment, in order to avail himself of this right the garnishee must transport the property to the sheriff holding the writ, and deliver it to him. The garnishee cannot be deprived of this right, and, as he is an innocent party, he cannot be compelled to bring the property within the jurisdiction of the court. The facts in this case are as good an illustration of the fallacy of this claim as can be given. The steamer company had taken this property upon one of its boats, and was under way, bound under its contract of affreightment to deliver the same at St. Louis. To avail itself of its right under the above statute, it would be required to ship the goods back to Keokuk, make its answer, and deliver the property to the sheriff. The law imposes no such an obligation upon a garnishee; and yet, under the claim made by appellant, the garnishee must either do this or become the debtor of the defendant for the value of the property. The law puts no such a hardship upon a garnishee. It is very different where a debt is garnished. It is a debt first and last. In such case the process of the law does not practically compel the garnishee to become a debtor against his consent."

The court then proceeds to apply the same line of reasoning to the facts there presented, where the property was out of the jurisdiction of the court, but yet within the borders of the state, saying:

"It is true that the court expressly refused to decide the question now before us, although it cited cases holding that it makes no difference whether the property be within or without the state if actually in transit. The argument of the court in support of its holding is quite as persuasive in one situation as the other, provided the shipment was in interstate commerce. The carrier was bound to receive all goods tendered to it for shipment, and could not select its bailors. It was required to transport the same when received without delay, and was only excused by act of God or the public enemy. It was engaged in a semi-public business, and bound to carry with reasonable promptitude and to deliver to the consignee, or his agent or assignee. A garnishee had the right, under the statute (Code, § 3944), to deliver the property in his hands to the sheriff, and thus exonerate himself from liability; but in the Montrose case, supra, [76 Ia. 172] it was held unreasonable to exact this duty of a common carrier when the goods were outside the state at the time of garnishment. The same hardship obtains, although in less de-

gree, where the goods are within the state, but in another county."

Many interesting cases are cited in the note to this authority. Reference may be made to Pittsburgh C. C. & St. L. Ry. Co. v. Cox, 36 Ind. App. 291, 73 N. E. 120, 114 Am. St. Rep. 377; Ill. Cent. R. R. Co. v. Cobb, 48 Ill. 402; Bates v. C. & C. Ry. Co., 60 Wis. 296, 19 N. W. 72. In 10 Corpus Juris, 283, a summary of the weight of authority is stated as follows:

"Property in the hands of a carrier before the transportation has commenced, or which is being held by it for delivery after transportation has been completed, is subject to garnishment proceedings, if within the jurisdiction of the court issuing the writ. Such a garnishment while it remains in force excuses the carrier from delivering the property to the shipper or consignee. However, it is well settled that a garnishment of the carrier at the suit of a creditor of the owner of the goods is not effectual while the goods are in transit. The carrier is under no obligation to suspend its duty of transportation in response to notice of such proceeding. Nor is the carrier liable to garnishment in respect of goods which are beyond the territorial limits of jurisdiction of the court issuing the process. These exceptions to the general rule are founded on consideration of public policy for the protection of carriers in discharge of the duties they owe to the public, and are to be given a liberal operation."

The case of Davis v. Cleveland, etc., Ry. Co., 217 U. S. 157, 30 S. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907, and Adams v. Scott, 104 Mass. 164, are cited as opposed. There are points of differentiation in the facts, but with this we are not here concerned.

In the authorities noted in 10 Corpus Juris, supra, stress is laid upon the fact the garnishee is a common carrier, and matters of public policy are concerned. We note these authorities as throwing light upon the question, and as an aid in construction of statutes of this character.

But we do not consider the fact that the garnishee is a common carrier, and that the property is in transit in an interstate shipment as of controlling importance. These facts furnish illustration of the harshness and injustice of a contrary construction, imposing upon an innocent bailee an unassumed obligation, but do not constitute the foundation of the construction which in cases of this character is simply that the garnishment is in legal effect a seizure of the property, and is not to be made effective in a jurisdiction where the court would not have jurisdiction

214 Ala.—42

on account of the absence of the property. It is nevertheless a proceeding in rem, and the court must have jurisdiction of the res.

The same line of reasoning would apply (by way of illustration) to a warehouseman with goods stored in Jackson county, and upon whom personal service was obtained in Mobile county, where the suit is brought. He is without interest in the property, and may discharge the judgment by delivery of the property to the sheriff. This is a right given him by the statute, and he is an innocent and indifferent party. To avail himself of this right under the construction giving jurisdiction in Mobile, he would be required at his own expense to transport the goods from Jackson to Mobile county, thus imposing upon him additional burdens not assumed by his contract with the bailor. We do not construe this statute as placing such a hardship upon the garnishee, whether such garnishee be a warehouseman, common carrier, or other character of innocent bailee. As said in Dart Mfg. Co. v. Carr, supra:

"It is very different where a debt is garnished. It is a debt first and last. In such case the process of the law does not practically compel the garnishee to become a debtor against his consent."

[2] The case, therefore, of Blackstone v. Miller, 188 U. S. 189, 23 S. Ct. 277, 47 L. Ed. 439, cited by appellee, is without application. Nor is the question here presented one of venue and merely an irregularity in the proceedings of which the garnishee cannot complain. Ely v. Blacker, 112 Ala. 311, 20 So. 570.

We are of the opinion the question is a jurisdictional one, and that the garnishee may be permitted to show that the writ was void, and that it is entitled to its discharge on the undisputed proof. The property, the subject of the bailment, was without the jurisdiction of the court. The garnishee was a bailee without interest, and within the class of section 8073 of the Code. In such a case we are of the opinion the court does not acquire jurisdiction of the property of the nonresident sought to be sequestered, and that, the invalidity of such proceedings being shown, the garnishee should be discharged.

It results that the judgment of the court below will be reversed, and one here rendered discharging the garnishee.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.