153 So. 640

## TENNESSEE COAL, IRON & R. CO. v. WARNER.

### 6 Div. 526.

Supreme Court of Alabama.
March 22, 1934.

382

Benners, Burr, McKamy & Forman and
Wm. Henry Beatty, all of Birmingham, for
appellant.

E. M. Zeidman, of Birmingham, for appellee.

BROWN, Justice.

■ Error is manifest on the face of the record, not only in the fact that the judgment against the garnishee exceeds by $76.65 the judgment against the defendants [Carroll v. Milner & Kettig, 93 Ala. 301, 9 So. 221], but it does not appear to which of the defendants the money condemned to the satisfaction of plaintiff's judgment was due, whether to one or all, or how much was due to each. This much was necessary to enable the garnishee to protect itself against the respective defendants.

As observed by Stone, C. J.: "Garnishment is a proceeding of purely statutory creation, unknown to the common law; and while we are inclined to construe it favorably, as highly remedial and beneficial, we have no power to originate machinery, or process, by which to adapt it to conditions, which its statutory provisions are not broad enough to cover." Jones' Adm'r v. Crews, 64 Ala. 368, 371.

■ When the writ of garnishment issued on the 13th of July, 1932, was served on the garnishee and brought it to answer, that writ served its purpose, and when the answer of the garnishee disclosed the fact that the amount admitted to be due to the respective defendants was less than $25, and that it was due "as wages, salary or other compensation" of laborers or employees, residents of this state, for personal service, the levy was rendered void by the statute, unless the plaintiff in garnishment contested the same at the term of court at which the answer was filed. Code 1923, §§ 7887, 8076; Richardson v. Kaufman, 143 Ala. 243, 39 So. 368; Friedman Bros. v. Cullman Building & Loan Association, 124 Ala. 344, 27 So. 332.

■ There is no provision in our statute for the issuance of an alias writ of garnishment, and under the authority above cited, the court was without power to originate process. When the writ issued in the first instance was served, bringing the garnishee to answer, on which the only judgment that could be entered was one discharging the garnishee, and the plaintiff failed to contest, that proceeding spent its force, and the writ became functus officio. The subsequent proceedings, in the absence of a new affidavit praying for the issuance of a garnishment on plaintiff's judgment, were clearly irregular and erroneous.

The judgment of the Jefferson county court of common claims is reversed, and a judgment here rendered discharging the garnishee.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.