J.R. Bennett and his wife, Laura Jean Bennett, filed a garnishment proceeding against Leon C. Baker. The trial court ultimately dismissed the garnishment proceeding, and the Bennetts have appealed from that dismissal (case no. 1921659). However, before it dismissed the garnishment proceeding, the trial court had ruled on a particular *Page 902 
issue that had arisen in the garnishment proceeding. Specifically, the Bennetts contended that Leon C. Baker had fraudulently transferred certain securities to his wife in Florida and that these transfers were due to be set aside so that the trial court could effectuate a garnishment against the securities. Initially, the trial court agreed that Baker had made a fraudulent transfer of the securities; it entered a ruling to that effect in favor of the Bennetts and entered an order purporting to make that ruling final pursuant to Rule 54(b), A.R.Civ.P. Baker then appealed that ruling to this Court (case no. 1920495); Baker's appeal came before the trial court dismissed the entire garnishment proceeding. We will address the two appeals separately.
 The Bennetts' Appeal (1921659)
In 1992, the Bennetts obtained a $400,000 judgment against Baker in the Circuit Court of Madison County. See Baker v.Bennett, 603 So.2d 928 (Ala. 1992). In an effort to enforce their judgment, the Bennetts filed this garnishment proceeding in Alabama.[1] Baker is a resident of Florida. The Bennetts filed the garnishment proceeding against the Alabama offices of three national securities firms, Merrill Lynch, Pierce, Fenner Smith, Inc.; Prudential Securities, Inc.; and Shearson Lehman Brothers, Inc. Baker had brokerage accounts with all of these firms. The Bennetts wanted to reach any cash and securities held in the accounts.
It is undisputed that Baker never had an account with any Alabama office of the three firms and that the actual securities are in the custody of the New York City and Boston offices of these securities firms. However, the Bennetts argued that the garnishment proceeding required the securities firms to bring the certificates to Alabama. Baker contended, however, that the garnishments were ineffective with respect to out-of-state securities, notwithstanding the fact that the court had personal jurisdiction of the three securities firms.
The trial court ultimately dismissed the garnishment proceeding, stating that the garnishments were not effective as to securities located outside Alabama. Further, the trial court stated that the Bennetts were also precluded from using an equity proceeding to enforce their money judgment. The trial court stated that Art. I, § 20, of the Alabama Constitution prohibits the use of equity proceedings to enforce a money judgment. Specifically, the trial court stated:
 "A garnishment does not reach property outside the territorial jurisdiction of the issuing court even though the court has personal jurisdiction of the garnishee bailee. Restatement (Second) of Conflict of Laws, § 67(b), 6 Am.Jur.2d, 766, Attachment and Garnishment, § 124, Louisville N.R.R. v. Webb Furniture Co., 214 Ala. 654, 108 So. 765 (1926).
 "Article I, Section 20 of the Constitution of Alabama provides: 'That no person shall be imprisoned for debt.' In Ex parte Hardy, 68 Ala. 303 (1880), the Supreme Court held unconstitutional a statute extending the jurisdiction of courts of chancery to compel payment of debts by contempt proceedings. What the legislature cannot authorize by statute, the courts may not do in the exercise of their equity jurisdiction."
On appeal, the Bennetts contend that the trial court had the authority to effectuate a garnishment in at least one of the following ways: (1) Baker had cash deposits in the brokerage houses and such a deposit could be considered a "debt" and subject to garnishment regardless of the location where the debt was created; (2) the garnishees could have been required to deliver the securities to the clerk of the trial court; and (3) the trial court could have ordered that Baker transfer title to the securities to the clerk of the trial court.
We point out that although this appeal is from a garnishment proceeding, it appears that the Bennetts are attempting to argue on appeal that the trial court should have exercised its "equity" power in an effort to permit them to recover. Although we sympathize with the Bennetts in their effort *Page 903 
to collect their judgment, after examining the record and the briefs of the parties we agree with the trial court. It is clear that the Alabama court does not have jurisdiction in this instance. Assets not within the jurisdiction of a court issuing a garnishment and not capable of being levied on cannot be reached by the garnishment. See Louisville N.R.R. v. WebbFurniture Co., 214 Ala. 654, 108 So. 765 (1926); see also Ala. Code 1975, § 7-8-317. A court cannot obtain jurisdiction of out-of-state property by issuing a writ of garnishment to a bailee over whom the court has personal jurisdiction. 6 Am.Jur.2d 574, Attachment and Garnishment,Jurisdiction over the Property § 19 (1963); 38 C.J.S. 337, Jurisdiction of Debt or Property Garnished, § 124 (1943).
Likewise, we find no merit in the Bennetts' argument on appeal that they are seeking to garnish an "indebtedness" of the securities firms to Baker; the Bennetts invoke the principle that the locus of a debt is with the debtor. There was no showing in the trial court that the securities firms owed Baker anything. The "cash" the Bennetts claim the securities firms owed Baker was actually shares in "cash management" mutual funds. These funds are mutual funds into which securities firms immediately invest any money that comes into the client's accounts.
Baker has never had any account with any Alabama office of the securities firms involved, and the certificates for Baker's securities are in the custody of the securities firms at their offices in New York City and Boston. Therefore, the trial court properly dismissed the Bennetts' garnishment proceeding.
We also find no error in the trial court's denial of the Bennetts' request that additional costs be taxed against Baker.
 Baker's Appeal (1920495)
Baker's appeal also arises out of the garnishment proceeding. The Bennetts alleged that Baker, in order to circumvent the garnishment proceeding, fraudulently changed the security accounts from accounts held in a joint tenancy with right of survivorship to accounts held in a tenancy by the entirety. The trial court, apparently assuming it had jurisdiction of the underlying garnishment proceeding, agreed and entered a ruling holding that Baker had transferred certain assets for the purpose of defrauding the Bennetts. As noted above, the trial court attempted to make that ruling final pursuant to Rule 54(b), and Baker appealed.
In view of our decision here upholding the trial court's dismissal of the garnishment proceeding, Baker's appeal is now moot. The trial court did not have jurisdiction to entertain the garnishment proceeding; therefore, any question concerning the propriety of a transfer of securities (over which Alabama does not have jurisdiction) was not properly before the trial court. We also note that the order appealed from was not subject to a Rule 54(b) certification of finality.
Rule 54(b) allows the court to direct the entry of a final judgment as to one or more, but fewer than all, of the claims or parties upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. The ruling of the trial court involved in Baker's appeal granted no relief to anyone, and it did not determine a separate claim. The facts here do not present the type of situation that Rule 54(b) was intended to cover. Therefore, the trial court's ruling was not a final judgment and was not appealable. Certifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.Branch v. South-Trust Bank of Dothan, N.A.,514 So.2d 1373 (Ala. 1987).
Baker's appeal is due to be dismissed and the judgment the Bennetts appeal from is due to be affirmed.
1920495 — DISMISSED.
1921659 — AFFIRMED.
MADDOX, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] The Bennetts have also filed the judgment in Florida under the Uniform Enforcement of Foreign Judgments Act, and they are conducting collection proceedings there. *Page 904