[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 840 
 On Application for Rehearing
The opinion of February 10, 2006, is withdrawn, and the following is substituted therefor.
Ruby Boykin, the designated primary beneficiary of an annuity owned by the now deceased annuitant, Eric Woodrow Boykin, appeals from the trial court's order commuting the annuity after Eric's death to satisfy a restitution order in favor of his judgment creditor, Louise Law. We reverse and remand.
 I.
On October 4, 1996, Eric Boykin pleaded guilty to the third-degree burglary and arson of a store owned by Louise Law. As part of his sentence, the trial court ordered Eric to pay Law $184,635.18 in restitution in the form of monthly payments of $750. Eric defaulted on the payments.
In 1999, Law learned that Eric was the owner and annuitant of a $400,000 annuity controlled by Manufacturers Life Insurance *Page 841 
Company. Eric's mother, Ruby Boykin, had purchased the annuity in 1992 using the proceeds Eric had received from the settlement of a personal-injury lawsuit.[1] The annuity contract named Ruby Boykin as the primary beneficiary of the annuity in the event of Eric's death and named Eric's sisters, Shanetha Boykin and Seresa Boykin, as secondary beneficiaries. On October 22, 1999, Law filed a writ of garnishment against Manufacturers Life seeking to seize the payments due Eric under the annuity to recover her restitution judgment. Although Eric received notice of the writ of garnishment, Ruby, Shanetha, and Seresa were not made parties to the garnishment proceeding.
Manufacturers Life answered Law's writ of garnishment by admitting that it had in its control "[a]n annuity owned by Mr. Boykin with an income stream. . . ." Manufacturers Life's admission prompted Law to move the trial court to enter an order condemning the funds from the annuity. In her motion, Law asked the trial court to order Manufacturers Life to commute the annuity by converting the future monthly payments due under the annuity contract into a lump-sum payment due immediately and to pay her the commuted value of the annuity as restitution. Law also asked the trial court, in the alternative, to order Eric to assign to her all of his rights, title, and interest in the annuity and to designate Law and her heirs as the primary and secondary beneficiaries of the annuity contract.
Eric opposed Law's motion to condemn the funds, arguing that his annuity payments were wages, salary, or other compensation under § 6-10-7, Ala. Code 1975,[2] and that, therefore, 75% of each payment was exempt from garnishment. Eric also argued that the trial court could not commute the annuity as Law had requested because the annuity contained a provision prohibiting commutation before Eric's death and also designated his mother and sisters as the primary and secondary beneficiaries. Citing § 27-14-32, Ala. Code 1975,[3] Eric argued that the trial court could not order him to exercise any of the rights, privileges, or options conferred to him under the annuity or allow Law to interfere with or to modify the terms of his annuity contract with Manufacturers Life.
Law responded to Eric's brief in opposition to her motion to condemn funds by arguing that, notwithstanding "any provision of any law of this state to the contrary," the Alabama Restitution Withholding Act, § 15-18-140 et seq., Ala. Code 1975, mandates that
 "any decree, judgment or order requiring the payment of restitution may include . . . an order requiring that any asset or other income or any portion thereof to which a defendant is or may be entitled be withheld or attached, and such order may also require any person *Page 842 
in real or constructive possession, custody, or control thereof to pay over, deliver, convey, transfer or assign the same to the clerk of the court for disbursement, transfer or assignment to the victim in accordance with the defendant's restitution obligation."
§ 15-18-144, Ala. Code 1975. Law argued that the definition of "other income" in § 15-18-142, Ala. Code 1975, includes an annuity and, therefore, that § 15-18-144, Ala. Code 1975, empowered the trial court to condemn the annuity as Law had requested. Law also argued that, if the trial court found that the annuity could not be commuted, § 27-14-32(a), Ala. Code 1975, contained an exception to the exemption of an annuity from attachment by a judgment creditor. It states that an annuitant's "periodic payments in excess of $250.00 per month shall be subject to garnishment." § 27-14-32(a)(2), Ala. Code 1975. Quoting § 27-14-32(a)(3), Ala. Code 1975, Law argued that the trial court had authority to order Eric, as an annuitant, "to pay to a judgment creditor or apply on the judgment, in installments, such portion of such excess benefits as to the court may appear just and proper." Law asked the trial court also to consider awarding her, in addition to her previously requested forms of relief, the full amount of Eric's monthly annuity payments from Manufacturers Life less the $250 exempted from garnishment by § 27-14-32, Ala. Code 1975.
On February 7, 2001, the trial court issued an order awarding Law 65% of any monthly annuity payment due Eric under the Manufacturers Life annuity contract. The trial court's order also stated:
 "This Income Withholding Order attaches to the monthly annuity payments as per the annuity contract/policy and is binding upon the annuitant and/or his beneficiaries."
The trial court denied Law's request to commute the annuity but stated in its order that "if said annuity is ever commuted then the balance of said restitution plus interest shall attac[h] to the commuted balance of the annuity and shall be paid to the Circuit Court for payment to the said Louise Law and her heirs or beneficiaries." None of the parties to the garnishment proceeding appealed the trial court's order.
Eric died on April 24, 2004. On May 3, 2004, Law moved the trial court to commute the balance of the annuity and requested that the trial court allow her to receive the commuted value as payment of her judgment.[4] In support of her motion, Law quoted the language from the trial court's February 7, 2001, order awarding her the commuted value of the annuity and argued that, under the terms of the contract, the annuity could now be commuted because Eric was no longer alive. Ruby Boykin, Shanetha Boykin, and Seresa Boykin moved the trial court to allow them to intervene to contest Law's motion to commute the annuity. The trial court granted the Boykins' motion.
Ruby moved the trial court to dismiss Law's action and to order that the annuity be turned over to her. Ruby's motion was based on the argument that, as the primary beneficiary under the annuity contract, she became the rightful owner of the annuity upon Eric's death. Ruby argued that she owed Law no restitution and, therefore, that the value remaining in the annuity at the time of Eric's death could not be subjected to Law's restitution claim. *Page 843 
Law responded to Ruby's motion to dismiss by pointing to the language in the trial court's 2001 income-withholding order making her attachment of the monthly annuity payments "binding upon the annuitant and/or his beneficiaries" and argued that the language entitled her to payments from the annuity after Eric's death. Law argued that, under the terms of the annuity contract, any person entitled to payments from the annuity after the annuitant's death could commute the annuity. Law also argued that, even though Ruby was not a party to the garnishment proceeding, she knew of the proceeding and had attended a hearing in the proceeding. Law asserted that the time for challenging the February 7, 2001, order had expired without Ruby's intervening and, therefore, that Ruby could not now contest the February 7, 2001, order.
On February 14, 2005, the trial court denied Ruby's motion to dismiss Law's action to commute the annuity. In explaining its decision, the trial court stated that the February 7, 2001, order
 "not only established a garnishment of the monthly payments due to the defendant Mr. Boykin in accordance with the restitution [statutes] and Title 27-14-32, Code of Alabama, 1975, it also pursuant to the restitution statutes provided for the attachment of the commutation value of the annuity if that occurred."
The trial court granted Law's motion to commute the annuity and ordered Manufacturers Life to pay the commuted value of the annuity to the circuit court clerk so that the funds could be disbursed to Law. Ruby appeals.
 II.
Ruby argues that the trial court exceeded its authority in the February 7, 2001, order by making the income-withholding aspect of that order binding upon Ruby, as a beneficiary of the annuity, and by awarding Law the commuted value of the annuity. Ruby also argues that to allow the trial court to use the February 7, 2001, order to commute the annuity after Eric's death and to award Law the commuted funds violates her right to due process because it deprives Ruby of her property even though she owed no restitution to Law and was not a party to the February 7, 2001, garnishment proceeding. Conversely, Law argues that this Court lacks jurisdiction to hear Ruby's appeal because, she says, the appeal contests the February 7, 2001, order and is therefore untimely.
The facts relevant to this appeal are undisputed; both Law and Ruby raise questions of law. Accordingly, our review is de novo.See George v. Sims, 888 So.2d 1224, 1226 (Ala. 2004) ("Because the facts are undisputed and we are presented with pure questions of law, our standard of review is de novo.").
 III.
Law asserts that Ruby's appeal is untimely because, she argues, the appeal challenges the correctness of the trial court's February 7, 2001, order. Specifically, Law argues that this Court's jurisdiction to hear an appeal of a garnishment order is governed by § 6-6-464, Ala. Code 1975, which states:
 "An appeal lies to the supreme court or the court of civil appeals, as the case may be, at the instance of the plaintiff, the defendant, the garnishee, or the contestant, or claimant."
On February 7, 2001, the trial court entered its order garnishing the monthly annuity payments and attaching the future commuted balance of the annuity for Law's benefit. Because §6-6-464, Ala. Code 1975, creates a statutory right to appeal the trial court's order, Law argues, Rule 4(a), Ala. R.App. P., required that the notice *Page 844 
of appeal be filed within 42 days of February 7, 2001. Ruby filed her notice of appeal on March 25, 2005.
In Spina v. Causey, 403 So.2d 199 (Ala. 1981), we noted that the "[t]imely filing of an appeal is jurisdictional and `(a)n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.'" 403 So.2d at 201 (quoting Rule 2(a)(1), Ala. R.App. P.). Rule 4(a), Ala. R.App. P., provides that
 "in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal . . . shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from."
Law is correct when she argues that under § 6-6-464, Ala. Code 1975, the time for taking an appeal from the trial court's February 7, 2001, order expired 42 days after the entry of the order. The problem with Law's argument, however, is that Ruby's right to appeal is not predicated upon § 6-6-464, Ala. Code 1975.
Ruby's motion to dismiss Law's action was based on the argument that she, as the primary beneficiary under the annuity contract, was the lawful owner of any value remaining in the annuity after Eric's death. By asserting that she personally owed no restitution to Law, Ruby challenged the validity of those provisions in the trial court's February 7, 2001, order that purported to make Law's garnishment binding upon Ruby as a beneficiary of the annuity. By definition, "[a] garnishment on a judgment is a proceeding in the nature of attachment to subject the property of the judgment debtor to the plaintiffs claim."Pepperell Mfg. Co. v. Alabama Nat'l Bank of Montgomery,261 Ala. 665, 668, 75 So.2d 665, 668 (1954). "[A] creditor may not garnish property which does not belong to the defendant."Druid City Hosp. Bd. v. Epperson, 378 So.2d 696, 698
(Ala. 1979).
 "Garnishment is a remedy or process of purely statutory creation and existence. There is no authority for a resort to it — courts are without jurisdiction to grant and effectuate it — except in cases and against parties which and who are within the terms of the statute."
Porter Blair Hardware Co. v. Perdue,105 Ala. 293, 297, 16 So. 713, 713 (1894). Thus, Ruby's motion challenged the trial court's jurisdiction to enter the February 7, 2001, order garnishing property she claims belonged to her as the primary beneficiary of the annuity. "A lack of jurisdiction, either over the person or over the subject matter[,] renders a judgment void." Nigg v. Smith, 415 So.2d 1082, 1084
(Ala. 1982). Therefore, Ruby's motion to dismiss is properly treated as a motion to set aside a void judgment under Rule 60(b), Ala. R. Civ. P. See Evans v. Waddell,689 So.2d 23, 26 (Ala. 1997) ("The substance of a motion and not its style determines what kind of motion it is.").
On July 22, 2004, Ruby moved to dismiss Law's action to commute the annuity. "[I]t has always been the law in Alabama that a void judgment could be vacated at any time. . . . "Ex parteFull Circle Distribution, L.L.C., 883 So.2d 638, 643
(Ala. 2003). On February 14, 2005, the trial court entered its order denying Ruby's motion. An "[a]ppeal is the proper remedy where the trial court fails to vacate [a]void judgment or decree." McDonald v. Lyle, 270 Ala. 715, 718,121 So.2d 885, 887 (1960). The trial court's order denying Ruby's motion supplied Ruby with a right to appeal independent of §6-6-464, Ala. Code 1975. Because Ruby's notice of appeal was filed within 42 days of the trial court's order denying her motion to set aside the judgment, her appeal is timely.See Rule 4(a), Ala. R.App. P. Accordingly, *Page 845 
this Court has jurisdiction to decide the merits of Ruby's jurisdictional challenge to the trial court's February 7, 2001, order.
 IV.
Ruby argues that the trial court exceeded its authority by attaching Law's restitution to the commuted balance of the annuity when, under the terms of the annuity contract, Eric had no right to commute the annuity while he was alive. Because the commuted balance of the annuity could not exist until after Eric's death, Ruby argues, the commuted value rightfully belonged to her as Eric's designated primary beneficiary. Ruby asserts that no restitution order or judgment exists that would authorize Law to subject Ruby's property to garnishment.
"'Garnishment is a proceeding of purely statutory creation, unknown to the common law. . . .'" Tennessee Coal, Iron R.R. v. Warner, 228 Ala. 381, 383, 153 So. 640, 642
(1934) (quoting Jones's Adm'r v. Crews, 64 Ala. 368, 371
(1879)). "It is regarded as a mode of attachment, and unless the case is influenced and controlled by some provision of the statute . . . relief must be denied." Hollis v. Bender,34 Ala.App. 4, 7, 40 So.2d 876, 877 (1948).
Section 6-6-370, Ala. Code 1975, provides, in relevant part:
 "A `garnishment,' as employed in this article, is a process to reach and subject money or effects of a defendant in attachment, in a judgment or in a pending action commenced in the ordinary form in the possession or under the control of a third person. . . ."
Under § 6-6-390, Ala. Code 1975, "the plaintiff or; assignee in any judgment on which execution can issue may obtain process of garnishment as defined in Section 6-6-370."
Law has a restitution order against Eric, which has the force and effect of a final judgment. See § 15-18-78(a), Ala. Code 1975 ("A restitution order in a criminal case shall be a final judgment and have all the force and effect of a final judgment in a civil action under the laws of the State of Alabama."). However, Law does not dispute the fact that there is no restitution order or judgment in her favor against Ruby. Therefore, a trial court lacks statutory authority under §6-6-390, Ala. Code 1975, to order the garnishment of Ruby's property for Law's benefit. The relevant language in the trial court's February 7, 2001, order states: "[I]f said annuity is ever commuted then the balance of said restitution plus interest shall attac[h] to the commuted balance of the annuity and shall be paid to the Circuit Court for payment to the said Louise Law and her heirs or beneficiaries." Because no judgment existed between Ruby and Law, the validity of the trial court's February 7, 2001, order depends upon whether the terms of the annuity contract gave Eric a right to the commuted balance of the annuity.
 V.
"An annuity is a yearly sum stipulated to be paid to another in fee, or for life, or years. . . ." Turrentine v.Perkins, 46 Ala. 631 (1871). "`Its determining characteristic is that the annuitant has an interest only in the payments themselves and not in any principal fund or source from which they may be derived.'" In re Dwight's Estate,389 Pa. 520, 525, 134 A.2d 45, 48 (1957) (quoting Commonwealthv. Beisel, 338 Pa. 519, 521, 13 A.2d 419, 420 (1940)). Eric's annuity with Manufacturers Life states that "[u]nder this plan, cash values are not available." Thus, the only monetary interest in the annuity contract is the right to receive the monthly payments. *Page 846 
Under the definition section of the Manufacturers Life annuity contract, "[t]o `commute' a series of future payments means to replace them by a single payment, called their `commuted value.'" The annuity contract also provides that "[n]o annuity payments can be commuted before the Annuitant's death." The annuity contract also states that "[a] `beneficiary' is a person who is to receive any payments due after the death of the Annuitant." Law does not dispute that Eric's annuity contract with Manufacturers Life designates Ruby as the primary beneficiary of the annuity. Because the Manufacturers Life annuity contract states that a "`beneficiary' is a person who is to receive any payments due after the death of the annuitant" and because Ruby is the designated primary beneficiary under the annuity contract, the commuted balance of the annuity is rightfully Ruby's property.
"[A]n attaching creditor necessarily claims through his debtor, and in the absence of fraud, can claim no greater right than was vested in the latter at the time the writ was served on the garnishee." LaBarre v. Doney, 53 Pa.Super. 435, 438
(1913). In Sloss v. Glaze, 231 Ala. 234, 164 So. 51
(1935), this Court noted:
 "'It is a general rule in garnishment that the plaintiff can obtain no greater beneficial relief against the garnishee than the judgment debtor would be entitled to, and that if the debtor's recovery would be limited to a mere legal title, without beneficial interest or right of enjoyment in himself, the proceeding must fail. A judgment creditor cannot have his debt satisfied out of property held in trust for another, no matter how completely his debtor may have exercised apparent ownership over it, unless it was upon the faith of such ownership that the credit was given.'"
231 Ala. at 236, 164 So. at 53 (quoting Marx v. Parker,9 Wash. 473, 37 P. 675 (1894)). Although Eric owned the Manufacturers Life annuity, he had no beneficial interest or right of enjoyment in the commuted balance of the annuity, which became payable only after his death. "In garnishment proceedings, the creditor stands in the debtor's shoes to enforce the debtor's rights against third parties." DruidCity Hosp. Bd. v. Epperson, 378 So.2d at 698. Therefore, Law, standing in Eric's shoes as a judgment creditor, like Eric, had no right to commute and recover the commuted balance of the annuity during Eric's life.
In Louisville N.R. v. Webb Furniture Co.,214 Ala. 654, 108 So. 765 (1926), this Court noted:
 "'Garnishment is a species of proceeding in rem, in the nature of a sequestration of the debtor's efforts. Unless the property is within the jurisdiction of the court issuing the garnishment, so that it may be seized, jurisdiction neither of the res, nor the person can be acquired.'"
214 Ala. at 656, 108 So. at 766 (quoting Alabama G.S.R. Co.v. Chumbey, 92 Ala. 317, 9 So. 286 (1891)). There was no judgment involving Law and Ruby that could confer statutory authority to allow Law to garnish Ruby's property. Accordingly, the trial court's order attaching the commuted value of the annuity for the payment of Law's restitution is void unless some other statutory provision gives the trial court authority to change the terms of the annuity contract and the trial court exercised that authority.
 VI.
In the trial court's order denying Ruby's motion to set aside the judgment, the trial court stated that the February 7, 2001, order, "pursuant to the restitution statutes[,] provided for the attachment *Page 847 
of the commutation value of the annuity if that occurred." The Alabama Restitution; Withholding Act does not, however, allow a trial court to attach property unless a defendant is or may be entitled to the property. Section 15-18-144, Ala. Code 1975, a part of the Alabama Restitution Withholding Act, provides:
 "Any provision of any law of this state to the contrary notwithstanding and in addition to any other remedy which is or may be hereafter provided by law for the enforcement or collection of a restitution order, any decree, judgment or order requiring the payment of restitution may include, upon motion of the victim, . . . an order requiring that any asset or other income or any portion thereof to which a defendant is or may be entitled be withheld or attached, and such order may also require any person in real or constructive possession, custody or control thereof to pay over, deliver, convey, transfer or assign the same to the clerk of the court for disbursement, transfer or assignment to the victim in accordance with the defendant's restitution obligation."
Section 15-18-142(6)(b), Ala. Code 1975, defines "other income" as "[a]ny money or any negotiable instrument or any portion thereof to which the defendant is or may be entitled, directly or indirectly, as a result of . . . annuities. . . ." Because § 15-18-144, Ala. Code 1975, incorporates the definition of "other income" found in § 15-18-142(6)(b), Ala. Code 1975, the statute authorizes the attachment of property "to which the defendant is or may be entitled, directly or indirectly, as a result of . . . annuities." Under the terms of the annuity contract, however, Eric was not entitled to have the annuity commuted or to otherwise receive the after-death value of the annuity; moreover, the commuted value did not flow to his estate, but to his primary beneficiary. Therefore, §15-18-144, Ala. Code 1975, does not provide the trial court with the statutory authority to commute the annuity after Eric's death and to attach the commuted value of the annuity for the purpose of paying Law's restitution.
 VII.
In filing her writ of garnishment, Law also requested that the trial court order Eric to assign to her his rights and interests in the annuity or, in the alternative, to order Eric to make Law the primary beneficiary of the annuity. Ruby does not dispute the fact that Eric was the lawful owner of the annuity and that he was the annuitant at the time the trial court entered the February 7, 2001, garnishment order. Under the terms of the annuity contract, Eric had both the right to assign the Manufacturers Life policy and the right to change the beneficiary of the annuity in the event of his death:
 "While the annuitant is living, you as owner, without any beneficiary's consent, can:
 "(a) exercise all rights and privileges granted by the policy; and
 "(b) assign the policy."
Thus, if the trial court possessed the statutory authority to order Eric to exercise any of his rights under the annuity contract and exercised that authority over Eric in 2001, the trial court's 2005 order awarding Law the commuted value of the annuity would not be invalid to the extent that the later order could be read as carrying out the terms of the 2001 order.
It appears that the trial court may have had the authority to have ordered Eric to change the beneficiary or to exercise one of his other rights or privileges under the annuity agreement. In general, § 27-14-32(a), Ala. Code 1975, governs the trial court's authority to require an annuitant to *Page 848 
exercise the options granted by an annuity contract. The statute provides:
 "The benefits, rights, privileges and options which under any annuity contract, heretofore or hereafter issued, are due or prospectively due the annuitant shall not be subject to execution, nor shall the annuitant be compelled to exercise any such rights, powers or options, nor shall creditors be allowed to interfere with or terminate the contract, except: [there follows a list of exceptions, none of which is applicable here]."
Generally, § 27-14-32(a), Ala. Code 1975, would prohibit the trial court from compelling Eric to exercise his "benefits, rights, privileges and options" under the annuity contract to change the primary beneficiary in order to make Law the beneficiary of the annuity. However, § 15-18-144, Ala. Code 1975, specifies:
 "Any provision of any law of this state to the contrary notwithstanding. . ., any . . . order requiring the payment of restitution may include . . . an order requiring that any asset or other income . . . to which a defendant is or may be entitled be withheld or attached. . . ."
(Emphasis added.) This statute appears to provide an exception to the general prohibition set forth in § 27-14-32(a), Ala. Code 1975, and, thus, might, as Law argues, have allowed the trial court to with-hold or attach any income or asset from the annuity to which Eric "may [have been] entitled" by ordering Eric to change the beneficiary named in his annuity contract.
However, even if we were to agree with Law that the trial court had the authority to order Eric to change the beneficiary of his annuity when he was before the trial court in 2001, the trial court did not do so, even though Law requested it to.
The trial court's February 7, 2001, order states in part that "if said annuity is ever commuted[,] then the balance of said restitution plus interest shall attac[h] to the commuted balance of the annuity and shall be paid to the Circuit Court for payment to the said Louise Law." The trial court's order does not state that Eric must designate Law as the primary beneficiary of the annuity contract or that he must designate a beneficiary who would commute it for Law's benefit.
We construe the trial court's judgment like other written instruments: the rules of construction for contracts are applicable for construing judgments. Hanson v. Hearn,521 So.2d 953, 954 (Ala. 1988); Moore v. Graham,590 So.2d 293, 295 (Ala.Civ.App. 1991). We are free to review "all the relevant circumstances surrounding the judgment," and "the entire judgment . . . should be read as a whole in the light of all the circumstances as well as of the conduct of the parties."Hanson, 521 So.2d at 955. Reviewing the circumstances surrounding the issuance of the trial court's February 7, 2001, order, we note that Law argued to the trial court that she should be designated the primary beneficiary of the annuity contract. Thus, the trial court was invited to order Eric to change the primary beneficiary of the annuity contract to Law. However, the trial court's order included no such provision doing so. Moreover, the trial court's order explicitly states that "[a]ny issues not herein ruled upon are denied." We cannot, therefore, sustain the trial court's 2005 judgment on the basis that the trial court had the authority to order Eric to change his beneficiary when he was before the trial court in 2001. Even assuming that the trial court had the authority to do so under the restitution statute, the trial court declined to do so. At the time the trial court entered its 2005 order, Eric was dead and the annuity belonged to his beneficiary, over whom the trial court had no authority under the restitution statute. *Page 849 
 VIII.
"This court has often declared and held completely null and void the proceedings in lower courts and the orders or judgments resulting therefrom where it has appeared that the powers vested in courts by statutes have been exceeded." Wanninger v.Lange, 268 Ala. 402, 406, 108 So.2d 331, 335 (1959). The trial court was without authority in its 2001 order to attach the commuted value of the annuity to pay Law's restitution, because under the provisions of the annuity contract, Eric himself was not entitled to the commuted value of the annuity. Therefore, those provisions of the February 7, 2001, order that purport to do so are void. See Goodman v. Winter,64 Ala. 410 (1879)("every judgment or decree must stand or fall upon the power and authority of the tribunal pronouncing it"). Thus, Law's 2004 motion cannot be viewed as a valid request that the trial court further enforce its 2001 order; the provisions of the 2001 order upon which Law's 2004 motion depends are void.
It may be argued that the trial court in 2001 could have facilitated the relief that it sought to grant in 2005 by having ordered Eric in 2001 to change the beneficiary of his annuity contract; however, whatever that merits of that argument might be, the trial court declined to take that action.
"[W]here it appears on the face of the record that the judgment or decree is void, it is the duty of the court upon application thereto by the party having rights or interests immediately involved, to vacate such judgment or decree at any time subsequent to its rendition. . . ." Robinson Co. v.Beck, 261 Ala. 531, 533, 74 So.2d 915, 917 (1954). InEx parte CTF Hotel Management Corp., 719 So.2d 205, 207
(Ala. 1998), this Court noted: "A motion challenging a judgment as void is not addressed to the discretion of the trial court. If the judgment is void, it must be set aside." Because the language in the trial court's February 7, 2001, order that purportedly attaches the commuted value of the annuity is void, the trial court erred by denying Ruby's motion to set aside the judgment.
"A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree." Loyd v. Director, Dep't ofPub. Safety, 480 So.2d 577, 579 (Ala.Civ.App. 1985). We therefore reverse the trial court's order denying Ruby's motion and remand the case for the trial court to grant Ruby's motion to dismiss Law's action to condemn the annuity and to order that the commuted value of the annuity be turned over to Ruby.
APPLICATION OVERRULED; OPINION OF FEBRUARY 10, 2006, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Eric was a minor at the time of the accident and subsequent settlement.
[2] Section 6-10-7, Ala. Code 1975, provides, in relevant part:
 "The wages, salaries, or other compensation of . . . residents of this state . . . shall be exempt from levy under writs of garnishment or other process for the collection of debts contracted or judgments entered in tort in an amount equal to 75 percent of such wages, salaries, or other compensation due or to become due. . . ."
[3] Section 27-14-32(a), Ala. Code 1975, provides, in relevant part:
 "The benefits, rights, privileges and options which, under any annuity contract, heretofore or hereafter issued, are due or prospectively due the annuitant shall not be subject to execution, nor shall the annuitant be compelled to exercise any such rights, powers or options, nor shall creditors be allowed to interfere with or terminate the contract. . . . "
[4] When Law moved to commute the annuity on May 3, 2004, the interest and principal balance of her restitution judgment exceeded the remaining value of the future payments due under the annuity.