I concur that the trial court did not err in denying the husband's petition seeking to modify his periodic-alimony obligation. I concur only in the result with regard to the reversal of that portion of the trial court's judgment holding that the husband owed the wife $1,200 for the months of March and April 2007. I dissent from the affirmance of that portion of the trial court's judgment awarding the wife $24,030.14 in past-due alimony.
The main opinion reverses the $1,200 award to the wife for the months of March and April 2007 on the basis that the evidence does not support an award of that amount. I agree. However, to reverse the judgment of the trial court on this issue, the main opinion relies upon the fact that "the wife testified that the husband had paid her $300 in March and in April 2007 and that the husband still owed her a total of $600 for those months."991 So.2d at 766. The main opinion's reliance on this testimony implies that the husband should be credited a total of $600 against an obligation to pay a total of $1,200 (which equals two periodic alimony payments, assuming that the amount of periodic alimony due per month is $600, which the main opinion does). However, because I believe that the husband had the obligation to pay only $300 per month in periodic alimony, as discussed below, I concur only in the result as to this issue.
On appeal, the husband argues that the trial court's findings of fact are inconsistent with its judgment and that the evidence does not support the award of the trial court. I agree. The trial court's May 8, 2007, judgment, among other things, provides:
 "1. That the [husband] was ordered to pay $600.00 per month Alimony in the original divorce.
 "2. That in December 2001, the parties agreed that the [wife] should be due Social Security benefits from the [husband's] work history and that Alimony would reduce dollar-for-dollar as to the amount, which was estimated to be around $300.00. The [husband] was ordered to pay $300 per month as Alimony along with $100.00 per month on an arrearage of $1500.00.
 ". . . .
 "It is therefore ORDERED, ADJUDGED and DECREED as follows:
 "A. The [wife] . . . is awarded a Judgment against the [husband] . . . in the amount of $24,030.14 thru February, 2007, plus $1,200.00 for the months of March and April, 2007, for a total Judgment of $25,230.14. . . ."
(Emphasis added.) I disagree with the main opinion's interpretation of the trial court's judgment. Although the main opinion upholds the $24,030.14 arrearage calculation, which is based upon an alimony obligation of $600 per month, the trial court specifically found that the husband was ordered to pay only $300 per month in alimony.
A trial court's conclusions of law must comport with its with its finding of facts. See Overton v. Belcher,232 Ala. 396, 168 So. 442 (1936). The trial court specifically found that the husband had been ordered to pay $300 per month in alimony, yet it based its arrearage award upon a periodic-alimony amount of $600, rather than $300, per month.
The main opinion bases its affirmance of the trial court's judgment upon the rule of *Page 769 
construction that this court is free to review all the relevant facts and circumstances surrounding the judgment while reading the judgment as a whole. See Boykin v. Law,946 So.2d 838 (Ala. 2006). However, the main opinion discounts the fact that the trial court found that "[t]he [husband] was ordered to pay $300 per month as Alimony." The trial court heard disputed ore tenus testimony. The main opinion acknowledges that the husband argues that the trial court found that the December 2001 judgment reduced his periodic-alimony obligation to $300 per month. The main opinion notes that the husband "testified that the judgment ordered him to pay the wife $300 per month until the wife informed the husband and the trial court of the receipt of [a portion of the husband's Social Security] benefits."991 So.2d at 766. The trial court went on to make specific findings of fact regarding the December 2001 judgment. The trial court found that in the "original divorce" the husband was ordered to pay alimony in the amount of $600 per month. The trial court further found that, after the entry of the 2001 judgment, "[t]he [husband] was ordered to pay $300 per month as Alimony." The trial court found that the wife had been required to apply to receive a portion of the husband's Social Security benefits and to inform the husband and the court in writing of the amount of benefits awarded, that the wife had applied for benefits and had been rejected, and that the wife had not informed the husband or the court that she had been denied benefits. The trial court also found that the husband had not been aware that the wife had filed for Social Security benefits; as a result, the husband had continued to pay $300 per month in alimony. Despite these findings, the trial court calculated an arrearage based on the alimony amount of $600 per month. The trial court's findings of fact and conclusions of law are inconsistent and cannot reasonably be reconciled. The main opinion states:
 "The husband contends that the trial court's judgment finding him in arrears does not reflect the 2001 judgment modifying his periodic-alimony obligation to $300 per month. However, the husband failed to include the 2001 judgment in the record on appeal. Therefore, the husband failed to meet his burden to ensure that the record on appeal demonstrates error."
991 So.2d at 765.
At no point in his brief to this court does the husband contend that the trial court's finding does not reflect the 2001 judgment.[2] In fact, the husband correctly states in his brief that, "[i]n the present case, whether the original agreement and judgment between the parties was proper is not at issue." Moreover, the judgment contains a specific finding of fact regarding the 2001 judgment, i.e., that "[t]he [husband] was ordered to pay $300 per month as Alimony." It was not incumbent upon the husband to include the 2001 judgment in the record because he does not rely upon that judgment. The husband appealed the 2007 judgment, which contains specific findings of fact that relate to the 2001 judgment. The trial court's award of $ 24,030.14 based upon a periodic-alimony obligation in the amount of $600 per month is directly contradictory to the finding that the husband was ordered to pay $300 a month in alimony. The main opinion's interpretation of the trial court's judgment essentially holds that $300 is equivalent to $600. I believe that the main opinion's *Page 770 
interpretation of the trial court's judgment is incorrect; therefore, I dissent from the main opinion insofar as it affirms the $24,030.14 award to the wife.
[2] It is, in fact, the wife who argues that the trial court's May 8, 2007, judgment does not reflect the December 2001 judgment. The wife, however, failed to ensure that the December 2001 judgment was part of the record on appeal.